JENKINS, County Court Clerk, v. ARMSTRONG, County Judge. No. 1—211 S. W. (2d) 908.

Eastern Section.    December 8, 1947.

Petition for Certiorari denied by Supreme Court, March 5, 1948.

J. O. Phillips, Jr., of Rogersville, for appellant.

W. J. Barron, of Morristown, for appellee.

DARWIN, J., The appellee, Mrs. Maude Jenkins, hereinafter referred to as the petitioner, as County Court Clerk of Hawkins County, filed a petition in the Chancery Court of that County, as provided in Section 10731 et

seq. of the Code of Tennessee, against Clinton Armstrong, County Judge of Hawkins, appellant, hereinafter referred to as the defendant, alleging that she cannot properly and efficiently conduct the affairs of her office by devoting her entire time thereto, and praying that she be allowed one deputy clerk on an annual basis at a salary of $150 per month, and an assistant clerk on a per diem basis at a salary of $100 per month.

The defendant, County Judge, answered denying her right to any part of the relief sought, but, in his more specific statements, qualified his answer by admitting there were two months in the year, when automobile licenses are issued, when such an assistant should be procured at a salary of from $75 to $100 per month.

The Chancellor granted only a part of the relief sought, finding that ''it is necessary, right and proper for petitioner, Maude Jenkins, to have a deputy County Court Clerk, as petitioner cannot properly and efficiently conduct the affairs and transact the business of her office by devoting her entire working time thereto.'' The Chancellor authorized the payment of a salary of $1,250 per annum from the date of the filing of the petition.

Throughout the testimony and evidence presented by the defendant County Judge, including the resolution of the County Court, made an exhibit, it is the theory of the defendant that, for such assistance as petitioner needs, she should pay out of her salary as County Court Clerk, which appears to the defendant as an abundant salary; that her petition is not in good faith; amounts to an effort to have her salary raised; and that, by working overtime, after office hours and at night, the petitioner could perform all of the duties and conduct the business of her office without assistance except for the two months when

automobile licenses are issued. It has been the custom, in the past, for the County Court Clerks of Hawkins County to pay such deputies and assistants out of their own salaries.

■ Whatever may be the moral obligation of the petitioner, and however laudable it may be on the part of the County Judge and the County Court to press for economy in the administration of the County offices, there can be no legal obligation on the part of a county official to pay such salary from his or her own salary. There can be no legal basis upon which the Court can find that her salary is so ample that she must pay out of it the salary of a deputy or assistant necessary for the proper, efficient conduct of the affairs of the office.

The rule by which the Court is bound is stated in Section 1073 of the Code of Tennessee:

"Where any one of the officers named above cannot properly and efficiently conduct the affairs and transact the business of his office by devoting his entire working time thereto, he may employ such deputies and assistants as may be actually necessary to the proper conducting of his office in the following manner and under the following conditions; namely:" The methods prescribed have been followed by the petitioner

■ Working time, in the sense used in the statute, must be taken as a reasonable number of hours of work. While public officials cannot properly bind themselves to such a strict limitation of work as a certain number of hours, yet they cannot be held to the duty of an unreasonable working time beyond what may be considered as usual office hours. The phrase "entire working time" must be considered in that sense.

The evidence shows, and we find it as a fact, that, for at least two or more months during each year, it is imperative to even a minimum of efficiency and proper transaction of the business of the office, that the petitioner have assistance. The preponderance of the evidence also shows, and we also find it as a fact, that during the greater portion of each year, the petitioner cannot properly and efficiently conduct the affairs and transact the business of her office by devoting her entire working time thereto.

■ In what appears to us as the exercise of his sound judgment and discretion, the Chancellor authorized the appointment of one deputy clerk at an annual salary of $1,250, from the date of the filing of the petition. It results that this part of the decree must be affirmed.

■ The action of the Chancellor in allowing a fee of $125 for the solicitor for petitioner and ordering that this fee be paid out of the fees of the office of petitioner and that she have credit therefor in her settlement with the County Trustee, seems, likewise, to have been well within his authority and discretion. While the filing of such petition and the prosecution thereof toward the relief sought is certainly for the benefit of petitioner and her relief, it is also, when filed in a proper case, as contemplated by the statutes, for the benefit of the office and its proper administration. In this, as well as in the funds affected, the defendant County Judge, and his constituents, the people of the County, have a real and continuing interest. It is certainly a necessary expense or "cost"; for none could contend that the petitioner could properly file and prosecute toward the relief sought, without the employment of legal assistance. Thus, considered, it has even broader application than the usual

administrative and trust funds in which a common interest of litigants exists, and where such authority of the Chancellor is unquestioned. It becomes an expense or "cost" of a proper administration of the office. Whether it is significant or merely a coincident, it will be noted that Section 10733 of the Code mentions "the cost" of all cases rather than the "costs," the usual technical term for costs incident to suits, providing that "The cost of all cases shall be paid out of the fees of the office," etc. But, regardless of technicalities, it seems to us that the order made by the Chancellor is well within the letter and spirit of the law, and that no error was committed in allowing such fee and ordering it be paid out of the fees of the office, and that credit therefor be had in her settlement with the County. It results that this part of the decree must be affirmed.

██ It is conceded by all parties that it was error for the learned Chancellor to adjudge the costs of the cause against defendant, County Judge, and to award execution therefor. As pointed out by all concerned, this order should have been that the costs be paid by the petitioner out of the fees of her office, and that she have credit therefor in her settlement with the County Trustee. The decree will be modified to that effect. Otherwise it is affirmed.

Affirmed, with costs to be paid out of the fees of the office of petitioner, for which she will have credit in her settlement with the County Trustee.

PER CURIAM:—The foregoing opinion, prepared by Judge Frank S. Darwin, late a member of the Court but now deceased, is now approved and adopted as the opinion of the Court.