**Ronald CUNNINGHAM, Sheriff,**
**Plaintiff–Appellant,**

v.

**MOORE COUNTY, Tennessee et al.,**
**Defendants–Appellees.**

Court of Appeals of Tennessee,
Middle Section.

June 27, 1980.

Certiorari Denied by Supreme Court
Sept. 15, 1980.

Jerry Mayo, Nashville, for plaintiff–appellant.

John Bobo, Shelbyville, for defendants–appellees.

## OPINION

TODD, Judge.

The plaintiff, Ronald Cunningham, Sheriff of Moore County, has appealed from the judgment of the Trial Judge dismissing his petition for authority to hire additional personnel under T.C.A. § 8–2001 et seq. and refusing to order payment of the fee of plaintiff's attorney.

Appellant first insists that the evidence preponderates against the judgment of dismissal.

T.C.A. §§ 8–2001, 8–2003 provide in pertinent part:

8–2001. Application for authority to employ deputies.–Where any one of the ... sheriffs cannot properly and efficiently conduct the affairs and transact the business of his office by devoting his entire working time thereto, he may employ such deputies and assistants as may be actually necessary to the proper conducting of his office in the following manner .... The sheriff shall ... make application to the judge of the circuit court in his county, for deputies and assistants, showing the necessity therefor, ....

8–2003. Requirements for authorization–Field deputy sheriffs.–No deputy or deputies nor assistants shall be allowed to any office, unless the officer himself is unable to discharge the duties of the office by devoting his entire working time thereto, ....

At the conclusion of the hearing, the Circuit Judge made the following oral comments:

... And to quote the statute verbatim, it says that, "it must be shown that the sheriff cannot properly and efficiently conduct the affairs and transact the business of his office by devoting his entire working time thereto." And if there is such a showing, and to quote the statute further, "If there's a showing of the necessity therefor," then this court is empowered and may authorize such additional personnel as are shown to be necessary. ... But in all candor, I do not think that there has been a showing here that there is a necessity, and I emphasize the word, "necessity", for this Court to inject itself into this question at this time. I have heard no proof that there were unserved papers lying around that weren't served because the Sheriff didn't have time to serve them. That there were crimes going uninvestigated because the Sheriff didn't have time to investigate them. None of the things that would convince this Court that there was truly an emergency situation that would call upon us to inject The Court into the problem. ...

I hold, and it's the judgment of this Court, that the plaintiff has failed to carry the burden of proof of showing that the Sheriff cannot properly and efficiently conduct the affairs of his office and transact the business under the present setup. I hold that this has not been demonstrated. That there has been no demonstration of a real necessity for This Court to require the County to provide additional personnel.

At the beginning of the hearing, the following is recorded:

MR. MAYO: Your Honor, Mr. Bobo and I stipulated that these are the six (6) or seven (7) counties in the State that are lowest _ _ _ _ (inaudible _ _ _ _ See stipulation attached in the technical record regarding size, mileage, etc.)

THE COURT: All right, sir, that's fine. Mr. Bobo, you're familiar with the stipulation?

MR. BOBO: Yes, Your Honor.

No copy of said stipulation is found in the record.

The Sheriff testified generally, but not specifically, to the conduct of his office, but gave no information as to number of complaints, arrests, papers to be served, inmates in county jail or other such details. He stated that crime was increasing, but admitted writing a letter stating that crime was decreasing. He stated that he lived in the jail building, that his wife had helped with feeding prisoners, for which she (or he) was paid by the County, but admitted that she no longer does so. He referred to "escorting funerals", but failed to state how many and under what statutory duty. He admitted that he was a full time student at Motlow Community College, that 4 C.E.T.A. Student employees had been assigned to his office for the summer (of 1979), that, since the filing of his petition, the County Commission had authorized one additional full time employee for his office, and that he now had one (1) deputy, two (2) non–sworn assistants, and five (5) C.E.T.A. employees.

Lawson White, a consultant with University of Tennessee, testified about what other counties did and what Moore County, ideally, should do.

L. E. Royston, State Director of Jail Inspection, testified as to a single inspection of the jail and as to rating of jails for purposes of housing state prisoners.

Joan M. Nolan, County Administrator, testified as to financial provisions made by the County for the Sheriff.

B. H. Thomas, Chairman of County Budget Committee, testified as to the cost of the personnel increase proposed by the Sheriff.

State Trooper Herb Glassmeyer testified as to his activities in the County.

City Police Chief testified as to the activities of the Lynchburg Police Department and that he "felt" the Sheriff needed more help.

Sarah Holt, Circuit Court Clerk, testified as to trouble with the Sheriff's bookkeeping.

 As commented by the Trial Judge, no evidence was offered which would justify a court order for additional personnel. In order to satisfy the requirements of the statutes, quoted above, it would be necessary to prove in numerical quantity the number of times per day, week, month or year the Sheriff is called upon to perform the statutory duties of his office, that he and his previously authorized employees have devoted their full working time to the performance of such duties and that their combined efforts have not been sufficient to perform all such duties, some of which have not been performed for this reason.

In the present case, the Sheriff has made no visible effort to make such a presentation to the Court.

 Instead, the Sheriff has relied upon inadmissible hearsay as to what other sheriffs in other counties are doing and upon the opinion of State officials as to how many employees are required to efficiently operate a Sheriff's office.

 Contrary to the apparent position of the Sheriff, there is no statutory requirement that he maintain a twenty–four hour complaint or dispatcher service. Also, since the jail is occupied only part time and the Sheriff resides in the jail building, there is

no particular requirement that a jailor be on duty twenty–four hours per day. Moreover, personnel standards promulgated for larger jails by state or national rating authorities are not necessarily relevant to small jails in small counties. Also, decisions of federal trial courts in respect to particular situations in particular localities are not particularly helpful in situations such as the present case.

In short, the petitioner has not presented any evidence at all of the character necessary to prevail. For this reason, the Trial Judge was amply justified in denying relief.

The second complaint on appeal is that the Trial Judge declined to order payment of a fee to counsel for the Sheriff. It is insisted that T.C.A. § 8–2007, providing for payment of all costs out of fees of office, is authority for authorizing payment of attorney's fees in this case.

In *Jenkins v. Armstrong*, 31 Tenn.App. 33, 211 S.W.2d 908 (1947), cited by appellant, this Court affirmed the Chancellor's approval of the employment of a deputy County Court Clerk and said:

> ■ The action of the Chancellor in allowing a fee of $125.00 for the solicitor for petitioner and ordering that this fee be paid out of the fees of the office of petitioner ... seems, likewise, to have been *well within his authority and discretion.* (Emphasis supplied)

*Jenkins v. Armstrong, supra,* is not authority for the insistence that the trial judge must allow a fee in every case presented by a county official under T.C.A. § 8–2001. At most, said authority holds that the trial judge has *discretion* (if he sees fit to do so) to tax an attorney fee as part of the costs or (more rationally) to declare an attorney's fee to be a proper expense of the office of the official involved to be paid as part of the expense of such office.

■ Appellant emphasizes the requirement of T.C.A. § 8–2007 that costs in *all* cases be paid out of official fees, but said statute does not affect the authority of the courts to determine which costs shall be taxed, and which shall not be taxed. This is especially true of attorney's fees which are not generally classified as "costs" in the

sense of court costs (statutory fees to sheriffs and court clerks), but rather as "expenses."

*Metropolitan Government of Nashville and Davidson County v. Motel Systems, Inc.,* Tenn.1975, 525 S.W.2d 840, cited by appellant, does not conflict with the principle just stated.

■ This Court agrees with the Trial Judge that the filing of this proceeding was ill advised. It should not have been filed without a thorough review and statistical tabulation of the statutory activities of the Sheriff and adequate facts to demonstrate that the Sheriff and his employees were working full time without performing all activities required by statute.

By the same token, the prosecution of this proceeding was burdened with the same infirmity of lack of proper preparation.

"Experts" do not serve as substitutes for facts.

The judgment of the Trial Judge is affirmed. Costs of this appeal are taxed against appellant. The cause is remanded to the Trial Court for collection of all costs.

Affirmed and remanded.

SHRIVER, P. J., and LEWIS, J., concur.