**Tunney MOORE, Sheriff of Cocke County, Tennessee, Plaintiff–Appellee,**

v.

**Harold CATES, County Executive of Cocke County, Tennessee, Defendant–Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

Feb. 25, 1992.

Permission to Appeal
Denied by Supreme Court
June 1, 1992.

sonnel, and to hire six more deputies and purchase six vehicles, naming the County Executive of Cocke County as defendant. The Trial Judge entered judgment reciting in part:

> "Plaintiff ... shall have and recover of the defendant, Cocke County, Tennessee, a judgment in the amount of $125,000.00 to be used by the plaintiff for the employment of such deputies and assistants as may be necessary for the proper conducting of his office, and for the payment of all necessary salaries and raises, and salaries for present employees, as the plaintiff may deem fit and proper as the Sheriff of Cocke County, Tennessee.
>
> It is further Ordered, Adjudged and Decreed that the judgment hereby awarded to the plaintiff shall be retroactive to July 1, 1990, and shall be applied to the 1990 fiscal year, that it [sic] from July 1, 1990, until July 1, 1991."

Subsequently, the Trial Judge amended the judgment by order stating that "The original judgment in this cause ... should be modified to reflect the following as amount of increases and salaries for the present employees of the Cocke County Sheriff's Department." Employees were then identified by name with a set amount of increase per employee, without identifying a time period. The collective "increases" totalled $108,942.00. The Court continued: "It is further Ordered that the plaintiff, Tunney Moore, Sheriff of Cocke County, shall use the remaining $16,058.00 of the $125,000.00 judgment heretofore entered, for the employment of additional personnel as he sees fit." The initial judgment also provided the "defendant shall be required to pay a reasonable attorney's fee in the sum of $1,500.00 for the services ... to the plaintiff in this cause which shall be paid together with all of the costs of the cause of which execution may issue."

The judgment is void, since Cocke County, Tennessee is not properly before the Court for the purpose of entering a monetary judgment against it.

■ Where the County Executive is named as a defendant pursuant to T.C.A.

William M. Leibrock, Newport, for plaintiff-appellee.

Clyde A. Dunn, Newport, for defendant-appellant.

## OPINION

FRANKS, Judge.

Plaintiff Sheriff filed a petition seeking salary increases for deputies and other per-

§ 8–20–102, the Trial Court has jurisdiction to pass upon the merits of an application by the Sheriff for an increase in the salaries of deputy sheriffs. *See Atkinson v. McClanahan,* 520 S.W.2d 348 (Tenn.App. 1974); *Cf. State ex rel Ledbetter v. Duncan,* 702 S.W.2d 163 (Tenn.1985, where the Supreme Court held an action for mandamus to be the appropriate remedy for the failure of the county to fund salary increases authorized by the criminal court pursuant to T.C.A. § 8–20–101, 102.)

In a proceeding pursuant to Tenn.Code Annotated § 8–20–101, *et seq.,* the trial judge may allow or disallow the application and "may allow the salaries set out in the application or smaller salaries, as the facts justify". T.C.A. § 8–20–102. The Court's order on the application is to be spread upon the minutes of the Court and fixes the number of deputies and salaries to be paid, and may from time to time upon application, be amended, but under the statutes the number of officers and salaries may be decreased without formal application to the Court. T.C.A. §§ 8–20–104, 8–20–105. *Also see Carter v. Jett,* 51 Tenn.App. 560, 370 S.W.2d 576 (1963).

These statutes do not authorize the Trial Court to identify deputies by name and award them salary increases for a fixed period in the nature of a judgment against the county. Rather, the Trial Judge under the statutes is limited to authorizing the required number of deputies and fixing salaries for the positions. Moreover, it was error to adjudge the cost of the proceeding against the county. T.C.A. § 8–20–107 provides that "the cost of all cases shall be paid out of the fees of the office collected by such officers, and that they and each of them shall be allowed a credit for the same in settlement with the county trustee."

Finally, the judgment against the county for attorney's fees is not authorized. While the Trial Court would have jurisdiction to approve fees for the filing of the application, such fees could only be ordered paid out of the Sheriff's funds, with the proviso that he receive credit for such items of cost in his settlement with

the trustee. *Jenkins, County Court Clerk v. Armstrong,* 31 Tenn.App. 33, 211 S.W.2d 908 (1947).

The judgment of the Trial Court is reversed and the cause dismissed with the cost of the appeal assessed to Appellee.

SANDERS, P.J., and GODDARD, J., concur.