# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FRANK SMITH,                  )

                                )

        Plaintiff/Appellee,      )            

                                )    Fentress Circuit

                                )    No. 7240

VS.                            )

                                )    Appeal No.

                                )    01A01-9602-CV-00077

STONEY C. DUNCAN,     )

                                )

        Defendant/Appellant.   )

**FILED**

**February 28, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

APPEAL FROM THE CIRCUIT COURT FOR FENTRESS COUNTY
AT JAMESTOWN, TENNESSEE

THE HONORABLE CONRAD TROUTMAN, JUDGE

For the Plaintiff/Appellee:

Michael A. Walker
Jamestown, Tennessee

For the Defendant/Appellant:

John E. Appman
Jamestown, Tennessee

## AFFIRMED AS MODIFIED
## AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# MEMORANDUM OPINION

This appeal involves the compensation of three deputy clerks employed by the clerk of the Circuit Court for Fentress County. In response to a petition filed pursuant to Tenn. Code Ann. § 8-20-101 (1993), the Circuit Court for Fentress County entered an order on October 12, 1995, raising the annual salary of the three deputy clerks to $17,665.00 effective July 1, 1995. The Fentress County executive takes issue on this appeal with the evidentiary foundation of the trial court's opinion. We have determined that the trial court's decision should be affirmed as modified in accordance with Tenn. Ct. App. R. 10(b).[1]

## I.

On June 22, 1994, the Chancery Court for Fentress County entered an order setting the salaries of the deputy clerks employed in the Fentress County Trustee's office. After the Fentress County Commission declined to provide comparable salary increases to the three deputy clerks employed in his office, the Clerk of the Circuit Court for Fentress County filed a petition to "equalize" his deputy clerks' salaries with "the salaries established for other deputy clerks within the Fentress County courthouse." The Fentress County executive answered the petition contending that the affected deputy clerks should be paid as Deputies I, II, and III in accordance with the chancery court's June 22, 1994 order.

The trial court conducted a hearing of some sort on August 15, 1995.[2] On October 12, 1995, the trial court entered an order reciting the many duties of the

---

[1]Tenn. Ct. App. R. 10(b) provides as follows:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]We are unable to discern what transpired at this hearing because the parties have filed neither a verbatim transcript of the proceedings nor a statement of the evidence.

circuit court clerk's office and setting the salary of three deputy clerks at $17,665.00 per year. The county executive has appealed from this decision.

## II.

Appeals in cases of this sort are to be treated no differently than any other lawsuit. *Dulaney v. McKamey,* 856 S.W.2d 144, 146 (Tenn. Ct. App. 1992). Accordingly, the appellants have the burden of establishing where error exists in the appellate record. *Louisville & Nashville R.R. v. Connor,* 56 Tenn. (9 Heisk.) 19, 24 (1871); *Hohenberg Bros. Co. v. Missouri Pac. R.R.,* 586 S.W.2d 117, 119 (Tenn. Ct. App. 1979). Thus, unless plain error appears on the face of the pleadings or other papers filed with the trial court, appellants must provide the appellate court with a record that includes a transcript or statement of the evidence containing the portions of the proceedings relating to the issues it intends to raise on appeal. *See* Tenn. R. App. P. 24(b), (c). Without this record, the appellate court must presume that the verdict or judgment is proper, *Kincaid v. Bradshaw,* 65 Tenn. 102, 103 (1973), and that the record, had it been preserved, would have contained evidence to support the verdict or judgment. *J. C. Bradford & Co. v. Martin Constr. Co.,* 576 S.W.2d 586, 588 (Tenn. 1979); *Leek v. Powell,* 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994).

All the issues sought to be raised by the county executive in this case relate to the reception of evidence by the trial court. The parties' respective briefs contain different versions of the proceedings before the trial court. Regrettably, the appellate record, limited only to the pleadings and papers filed in the trial court, provides no basis for this court to determine what actually transpired. Therefore, we must presume that sufficient, competent proof was presented to the trial court to support the factual findings in the October 12, 1995 order.

## III.

The trial court's opinion also awarded the lawyer representing the circuit court clerk a $250.00 fee for his services. While the lawyer unquestionably rendered services warranting compensation, Tenn. Code Ann. § 8-20-107 (1993)

does not empower the trial court to award attorney's fees against the county or its representatives. *Moore v. Cates*, 832 S.W.2d 570, 572 (Tenn. Ct. App. 1992). Any such award, if made, must be paid out of the fees collected by the petitioning public official. *Jenkins v. Armstrong*, 31 Tenn. App. 33, 37-38, 211 S.W.2d 908, 910 (1947); Tenn. Code Ann. § 8-20-107. Accordingly, the judgment should be modified on remand to permit the circuit court clerk to defray his court-approved legal expenses from the fees he collects in accordance with Tenn. Code Ann. § 8-20-107.

## IV.

We affirm the judgment as modified and remand the case to the trial court for further proceedings. We tax the costs of this appeal in equal proportions to Stoney C. Duncan and to Frank Smith for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
BEN H. CANTRELL, JUDGE