IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS FEBRUARY 17, 2006

# BOB PATTERSON, TRUSTEE OF SHELBY COUNTY, TENNESSEE
# v. A. C. WHARTON, JR., MAYOR OF SHELBY COUNTY, TENNESSEE

Direct Appeal from the Chancery Court for Shelby County
No. CH-03-1736-1      Walter L. Evans, Chancellor

No. W2005-02494-COA-R3-CV - Filed May 10, 2006

After the Board of County Commissioners for Shelby County passed the county's 2003–2004 budget, the Trustee of Shelby County filed suit against the county mayor pursuant to section 8-20-101 *et seq.* of the Tennessee Code seeking additional personnel and funding for his department. After entering into a settlement agreement with the county, the trustee filed a motion seeking to recover his attorney's fees at a rate of $250 per hour. The county asserted that such fees were capped at $100 per hour pursuant to a budget resolution passed by the Board of County Commissioners. The trial court entered an order awarding the trustee his attorney's fees at a rate of $250 per hour pursuant to section 8-20-107 of the Tennessee Code. The county appealed arguing that the trial court did not have the discretion to award attorney's fees in excess of the $100 per hour limit placed on such fees by the county legislative body. We affirm the decision of the trial court.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., joined and HOLLY M. KIRBY, J., did not participate.

Brian L. Kuhn, Shelby County Attorney; Robert B. Rolwing, Senior Assistant County Attorney, Memphis, TN, for Appellant

JoeDae L. Jenkins, Memphis, TN, for Appellee

## OPINION

## I.
### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In August of 2003, the Board of County Commissioners for Shelby County passed a resolution approving the county's operating budget for fiscal year 2003–2004. The resolution contained the following additional provision:

> BE IT FURTHER RESOLVED, That the rate of compensation paid to attorneys for the filing or arguing of salary petitions be limited to $100.00 per hour. In the event of a salary petition the elected official shall submit a monthly report of legal fees incurred to the Chairman of the Budget Committee of this Commission.

Dissatisfied with the amounts budgeted for his department, Bob Patterson, Trustee of Shelby County (hereinafter "Trustee" or "Appellee"), filed a petition against A.C. Wharton, Jr., Mayor of Shelby County (hereinafter "County" or "Appellant"), in the Chancery Court of Shelby County. The Trustee filed his petition pursuant to section 8-20-101 *et seq*. of the Tennessee Code seeking authorization to employ additional personnel, salary increases for existing personnel, and certain employee benefits for his department.[1] The chancery court subsequently entered a consent order memorializing a settlement entered into between the parties.

---

[1] The statutory scheme relied on by the Trustee provides as follows:

> (a) Where any one (1) of the clerks and masters of the chancery court, the county clerks and the clerks of the probate, criminal, circuit and special courts, *county trustees*, registers of deeds, and sheriffs cannot properly and efficiently conduct the affairs and transact the business of such person's office by devoting such person's entire working time thereto, such person may employ such deputies and assistants as may be actually necessary to the proper conducting of such person's office in the following manner and under the following conditions, namely:
>
> . . . .
>
> (3) The clerks and masters of the chancery courts, *county trustees*, county clerks and clerks of the probate courts, and registers of deeds may make application to the chancellor . . . holding court in their county by sworn petition as above set forth, showing the necessity for a deputy or deputies or assistants, the number required and the salary each should be paid.

TENN. CODE ANN. § 8-20-101(a)(3) (2002 & Supp. 2005) (emphasis added). The legislature requires anyone bringing an action under the statute to name the county mayor as the party defendant. *See* TENN. CODE ANN. § 8-20-102 (2002); *see also* TENN. CODE ANN. § 5-6-101(d)(1) (2005) (renaming county executives as county mayors).

Shortly after the entry of the consent order, the Trustee filed a motion pursuant to section 8-20-107 of the Tennessee Code asking that the attorney's fees he incurred in pursuing the action be paid out of his salary and labor account. Accompanying the motion was the affidavit of the Trustee's attorney setting forth legal expenses calculated at a rate of $250 per hour. The County did not challenge the number of hours worked by the Trustee's attorney, but it did argue that the resolution passed by its Board of County Commissioners capped attorney's fees at a rate of $100 per hour in cases of this nature. The trial court subsequently entered an order finding that, while the hours expended by the Trustee's attorney in prosecuting the case were reasonable and necessary, it did not have the authority to exceed the rate for attorney's fees set by the Board of County Commissioners. Thereafter, the Trustee filed a motion asking the chancery court to reconsider its ruling.

After conducting a hearing on the Trustee's motion, the chancellor entered an order on August 26, 2005 granting the Trustee's motion and ordering that the Trustee's attorney receive his attorney's fees at a rate of $250 per hour, or $17,458.60, to be deducted from the Trustee's salary and labor account pursuant to section 8-20-107 of the Tennessee Code. The County timely filed a notice of appeal to this Court.

## II.
### ISSUE PRESENTED

Did the trial court err by awarding the Appellee his attorney's fees at a rate of $250 per hour when the Appellant previously passed a budget resolution capping attorney's fees at $100 per hour in cases brought pursuant to section 8-20-101 *et seq*. of the Tennessee Code?

## III.
### DISCUSSION

"At common law, a party had no right to the payment of its costs or its attorneys fees." *Owen v. Stanley*, 739 S.W.2d 782, 788 (Tenn. Ct. App. 1987), *overruled on other grounds by Matlock v. Simpson*, 902 S.W.2d 384, 386 (Tenn. 1995). A court's authority to award costs in a particular case derives from legislative enactments. *Owen*, 739 S.W.2d at 788; *Person v. Fletcher*, 582 S.W.2d 765, 766 (Tenn. Ct. App. 1979). Thus, Tennessee adheres to the well-established "American Rule," which provides that "litigants pay their own attorney's fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *see also Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005).

In cases brought by a local official pursuant to section 8-20-101 *et seq*. of the Tennessee Code, the legislature provides as follows: "The cost of all cases shall be paid out of the fees of the office collected by such officers, and they and each of them shall be allowed a credit for the same in settlement with the county trustee." TENN. CODE ANN. § 8-20-107 (2002). In *Jenkins v. Armstrong*, 211 S.W.2d 908, 910 (Tenn. Ct. App. 1947) (per curiam), this Court held that the legal expenses incurred by an official when pursuing an action under the statutory scheme enacted by the legislature constituted a "cost," "for none could contend that the petitioner could properly file and

prosecute toward the relief sought, without the employment of legal assistance." Relying on *Jenkins*, we subsequently held as follows:

> *Jenkins v. Armstrong* . . . is not authority for the insistence that the trial judge must allow a fee in every case presented by a county official under T.C.A. § [8-20-101]. At most, said authority holds that the trial judge has *discretion* (if he sees fit to do so) to tax an attorney fee as part of the costs or (more rationally) to declare an attorney's fee to be a proper expense of the office of the official involved to be paid as part of the expense of such office.

*Cunningham v. Moore County*, 604 S.W.2d 866, 869 (Tenn. Ct. App. 1980) (emphasis in original); *see also Marshall v. Sevier County*, 639 S.W.2d 440, 443 (Tenn. Ct. App. 1982). As we stated in *Cunningham*, when attorney's fees are awarded pursuant to section 8-20-107 of the Tennessee Code, they are not charged to the county or its representatives directly, but they become a proper expense payable from the funds made available to the county official. *See Smith v. Duncan*, No. 01A01-9602-CV-00077, 1997 Tenn. App. LEXIS 142, at *4 (Tenn. Ct. App. Feb. 28, 1997); *Moore v. Cates*, 832 S.W.2d 570, 572 (Tenn. Ct. App. 1992); *Jones v. Mankin*, 1989 Tenn. App. LEXIS 325, at *31–32 (Tenn. Ct. App. May 5, 1989). Thus, this Court's previous interpretation of section 8-20-107 of the Tennessee Code establishes that the legislature has provided for the allocation of attorney's fees by statute in cases of this nature.

In those instances where a statute or agreement between the parties provides for an award of attorney's fees by the trial court, the appellate courts of this state have held that the decision as to whether to award such fees and the proper amount to be given lies within the sound discretion of the trial court. *See Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995); *Houghland v. Houghland*, 844 S.W.2d 619, 623 (Tenn. Ct. App. 1992). When reviewing such decisions, "the appellate court will not interfere except upon a clear showing of an abuse of discretion." *Aaron*, 909 S.W.2d at 411 (citing *Storey v. Storey*, 835 S.W.2d 593, 597 (Tenn. Ct. App. 1992); *Crouch v. Crouch*, 385 S.W.2d 288, 293 (Tenn. Ct. App. 1964)); *see also Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). When evaluating discretionary decisions under this standard of review, we are mindful of the following:

> The discretionary nature of the decision does not shield it completely from appellate review but does result in subjecting it to less rigorous appellate scrutiny. *See Tennessee Dep't of Health v. Frisbee*, 1998 Tenn. App. LEXIS 14, No. 01 A01-9511-CH-00540, 1998 WL 4718, at *2 (Tenn. Ct. App. Jan. 9, 1998) (No Tenn. R. App. P. 11 application filed); *BIF v. Service Constr. Co.*, 1988 Tenn. App. LEXIS 430, No. 87-136- II, 1988 WL 72409, at *2 (Tenn. Ct. App. July 13, 1988) (No Tenn. R. App. P. 11 application filed). Because, by their very nature, discretionary decisions involve a choice among acceptable alternatives, reviewing courts will not second-guess a trial

court's exercise of its discretion simply because the trial court chose an alternative that the appellate courts would not have chosen. *See Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999).

Discretionary decisions require conscientious judgment. *See BIF v. Service Constr. Co.*, 1988 Tenn. App. LEXIS 430, 1988 WL 72409, at *2. They must take the applicable law into account and must also be consistent with the facts before the court. *See Overstreet v. Shoney's, Inc.*, 4 S.W.3d at 694. Appellate courts will set aside a discretionary decision only when the trial court has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of the evidence. *See Overstreet v. Shoney's, Inc.*, 4 S.W.3d at 695. Thus, a trial court's discretionary decision should be reviewed to determine: (1) whether the factual basis for the decision is supported by the evidence, (2) whether the trial court identified and applied the applicable legal principles, and (3) whether the trial court's decision is within the range of acceptable alternatives. *See BIF v. Service Constr. Co.*, 1988 Tenn. App. LEXIS 430, 1988 WL 72409, at *3. Appellate courts should permit a discretionary decision to stand if reasonable judicial minds can differ concerning its soundness. *See Overstreet v. Shoney's, Inc.*, 4 S.W.3d at 695.

*White v. Vanderbilt Univ.*, 21 S.W.3d 215, 222–23 (Tenn. Ct. App. 1999) (footnote omitted).

In this instance, we are asked primarily to decide whether the chancellor identified and applied the correct legal principles when he decided to award attorney's fees to the Trustee in excess of the $100 per hour maximum set by the County. On appeal, the County does not dispute that, pursuant to section 8-20-107 of the Tennessee Code and our case law interpreting that statute, attorney's fees are recoverable by a county official as a "cost" in cases brought under section 8-20-101 *et seq.* of the Tennessee Code. Instead, it argues that the trial court impermissibly encroached upon the legislative authority of the Board of County Commissioners to allocate funds to the various county departments through the budgetary process. In support of this position, the County relies on several constitutional and statutory provisions.

The County points to the Tennessee Constitution, which provides that "[t]he powers of the government shall be divided into three distinct departments: legislative, executive, and judicial." TENN. CONST. art. 2, § 1. Further, the County relies on the separation of powers doctrine found in the Tennessee Constitution, which states that "[n]o person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in the cases herein directed or permitted." TENN. CONST. art 2, § 2. "Under Article VII, § 1, of the Tennessee Constitution, the county legislative body is elected to represent the people of the county and to act as the deliberative body for county governmental purposes." *State ex rel. Weaver v.*

*Ayers*, 756 S.W.2d 217, 222 (Tenn. 1988). The Tennessee General Assembly recognizes that "[t]he county legislative body is established as a basic legislative unit of each county of this state." TENN. CODE ANN. § 5-5-101(a) (2005). The state legislature "has duly delegated to these bodies the authority to raise revenue and appropriate funds for local governmental purposes." *Ayers*, 756 S.W.2d at 222. The County notes that "[a]ll funds from whatever source derived . . . that are to be used in the operation and respective programs of the various departments . . . of county governments shall be appropriated to such use by the county legislative bodies." TENN. CODE ANN. § 5-9-401 (2005). Moreover, it is the duty of the county legislative body "to adopt a budget and appropriate funds for the ensuing fiscal year." TENN. CODE ANN. § 5-9-404(a) (2005).

By awarding the Trustee his attorney's fees at a rate of $250 an hour, the County argues that the trial court erred by substituting its judgment for that of the county legislative body, which exercised its budgetary authority under the Tennessee Constitution and applicable statutes and determined that a county official should only recover attorney's fees at the rate of $100 per hour. Conversely, the Trustee argues that our resolution of this case is controlled by reference to section 8-20-107 and this Court's interpretation of the statute in *Jenkins* as vesting the trial court with the discretion to award attorney's fees and to set the amount of such fees in cases brought pursuant to section 8-20-101 *et seq.* of the Tennessee Code.

As previously mentioned, the legislature provides for the recovery of "the cost" incurred by a county official in bringing an action pursuant to section 8-20-101 *et seq.* of the Tennessee Code. TENN. CODE ANN. § 8-20-107 (2002). We have interpreted this directive to mean that a trial court, in its discretion, may award a county official his or her attorney's fees since they represent a "necessary expense" in bringing such actions. *Jenkins v. Armstrong*, 211 S.W.2d 908, 910 (Tenn. Ct. App. 1947) (per curiam). The parties do not cite to this Court any authority stating that, while a trial court has the discretion to award attorney's fees under the statute at issue, it also has the discretion to set the amount of such fees. Likewise, our own independent research has failed to find any authority directly addressing the issue presently before the Court. However, the County's argument that, while a trial court has the discretion to award attorney's fees under the statute, it does not have the discretion to set the amount of such fees when a county legislative body chooses to impose a cap on attorney's fees in its budget must fail.

We begin with the County's argument that, when a trial court sets attorney's fees above an amount budgeted by the county legislative body, a trial court is permitted to encroach upon the province of a legislative branch of government by impermissibly amending the County's budget. As the authorities relied on by the County demonstrate, the county governments of this state derive their budgetary authority from the enactments of the Tennessee General Assembly in Title 5 of the Tennessee Code. *See* TENN. CODE ANN. § 5-1-101 *et seq.* (2005). It is true that "[p]reparing the county budget is essentially a political process intended to reflect the desires of the county's residents." *Jones v. Mankin*, 1989 Tenn. App. LEXIS 325, at *5 (Tenn. Ct. App. May 5, 1989) (no perm. app. filed). Pursuant to section 8-20-101 *et seq.* of the Tennessee Code, however, "the judiciary is brought into the budgetary fray only in limited circumstances." *Boarman v. Jaynes*, 109 S.W.3d 286, 291 (Tenn. 2003). "While the appellate courts of this state have repeatedly questioned

the wisdom of interjecting the judiciary into essentially political disputes," *Dorning v. Bailey*, No. M2004-02392-COA-R3-CV, 2006 Tenn. App. LEXIS 83, at *21–22 (Tenn. Ct. App. Feb. 6, 2006) (citations omitted), it is the province of the legislature to set the public policy of this state, *Cary v. Cary*, 937 S.W.2d 777, 781 (Tenn. 1996); *Fields v. Metro. Life Ins. Co.*, 249 S.W. 798, 799–800 (Tenn. 1922); *Cavender v. Hewitt*, 239 S.W. 767, 768 (Tenn. 1921). Our supreme court has upheld the validity of the system promulgated by the legislature. *Shelby County Civil Serv. Merit Bd. v. Lively*, 692 S.W.2d 15, 17 (Tenn. 1985); *Hickman v. Wright*, 210 S.W. 447, 422–23 (Tenn. 1918).

The legislature, by vesting the courts of this state with the authority to order a county legislative body to provide additional funding under section 8-20-101 *et seq.* of the Tennessee Code, has already provided for the judiciary's limited ability to amend a county's budget. It stands to reason that, by providing for the award of attorney's fees in such cases, the legislature intended for the judiciary to have the discretion to set the amount of such fees, even if doing so would subvert the efforts of the county legislative body in attempting to limit attorney's fees to a certain amount. Thus, vesting a trial court with the discretion to set the amount of attorney's fees awarded under the statute at issue would no more interfere with a county's budgetary authority than the court's ability to order the county legislative body to provide additional funding for personnel and their salaries.

Our supreme court adheres to the view "that comity and cooperation among the branches of government are beneficial to all, and consistent with constitutional principles, such practices are desired and ought to be nurtured and maintained." *State v. Mallard*, 40 S.W.3d 473, 481 (Tenn. 2001). When adhering to this principle, however, the judicial branch of government must not surrender entirely its position in our constitutional scheme. This Court, in addressing our constitutional duty under the doctrine of separation of powers, has stated:

> [T]he separation of powers doctrine, properly understood, imposes on the judicial branch not merely a *negative* duty not to interfere with the executive or legislative branches, but a *positive* responsibility to perform its own job efficiently. This *positive* aspect of separation of powers imposes on courts affirmative obligations to assert and fully exercise their powers, to operate efficiently by modern standards, to protect their independent status, and to fend off legislative or executive attempts to encroach upon judicial perogatives.

*Anderson County Quarterly Ct. v. Judges of the 28th Judicial Circuit*, 579 S.W.2d 875, 878 (Tenn. Ct. App. 1978) (citation omitted) (emphasis in original). We are cognizant of the fact that Title 5 and section 8-20-101 *et seq.* of the Tennessee Code contain no express legislative provision prohibiting a county legislative body from adopting a budget provision capping attorney's fees in cases of this nature. We also, however, are mindful of the following: "Statutes do not exist in a vacuum, but must be read in relationship to one another to effectuate the intent of the statutory scheme as a whole." 82 C.J.S. *Statutes* § 351 (1999); *see also Tenn. Elec. Power Co. v. City of Chattanooga*, 114 S.W.2d 441, 444 (Tenn. 1937) ("A construction will be avoided, if possible, that would render one section of the act repugnant to another. Or one that would produce an absurd

result." (citations omitted)); ***In re Estate of Luck***, No. W2004-01554-COA-R3-CV, 2005 Tenn. App. LEXIS 332, at *6–7 (Tenn. Ct. App. June 7, 2005) (no perm. app. filed) (stating that "we cannot review a statute in a vacuum").

If a county legislative body were able to adopt a budget provision setting a cap on the attorney's fees that a county official could collect under the statute, the county legislative body could subvert the underlying goal of the statutory scheme enacted by the legislature by capping the fees at an absurdly low amount. In turn, it is doubtful that any attorney would undertake representation of a county official in such matters. The county legislative body could, in effect, ensure that a county official would be unable to avail himself or herself of the statutory protections afforded by the legislature in section 8-20-101 *et seq.* of the Tennessee Code. As a result, the judicial branch of government would be prevented from performing its function under the statutory scheme adopted by the legislature and approved by our supreme court. While we recognize the budgetary authority vested in the county legislative bodies of this state by the Tennessee General Assembly, we cannot subscribe to a view that would enable a county legislative body to exercise that authority in a manner that would subvert the role of the judicial branch of government in deciding cases under section 8-20-101 *et seq.* of the Tennessee Code.

Finally, the County points to section 3.03 of the Shelby County Code, which provides as follows: "Contracts and purchases on behalf of the Shelby County government shall be entered into by the county mayor or the mayor's designee." The County contends that, pursuant to this Code provision, the Trustee did not have the authority to enter into a contract with his attorney for legal representation. In support of this position, the County cites to decisions by this Court ruling that officials acting on behalf of the local government did not have the authority to enter into contracts on behalf of the local government. ***See Stones River Utils., Inc. v. Metro. Gov't of Nashville & Davidson County***, 981 S.W.2d 175, 178 (Tenn. Ct. App. 1998); ***Napoleonic Promotions, Inc. v. City of Memphis***, No. 02A01-9405-CV-00113, 1995 Tenn. App. LEXIS 417, at *6 (Tenn. Ct. App. June 22, 1995).

Unlike the cases relied on by the County, the Trustee in the instant case did not seek to enter into a contract on behalf of the County as a whole. Instead, the Trustee, exercising his right to seek additional funding for his department under section 8-20-101 *et seq.* of the Tennessee Code, entered into a contract with *his* attorney. We have previously established that county officials are entitled to secure legal representation in such cases. ***See Jenkins v. Armstrong***, 211 S.W.2d 908, 910 (Tenn. Ct. App. 1947). If a county official were required to seek the approval of the county mayor before securing legal representation to pursue a cause of action under the statute, it would have a chilling effect. By withholding assent to a contract for legal representation, a county mayor could effectively ensure that a county official's efforts in seeking additional personnel or funding were thwarted from the start, thereby subverting the goal of the statutory scheme enacted by the legislature. Moreover, the position set forth by the County would raise serious issues relating to conflicts of interest governed by the Tennessee Rules of Professional Responsibility. Accordingly, we find the County's argument in this regard to be without merit as well.

## IV.
### CONCLUSION

We hold that, in cases filed pursuant to section 8-20-101 *et seq.* of the Tennessee Code, the trial court is vested not only with the discretion to award attorney's fees, but also has the discretion to set the amount of such fees. After reviewing the record in this case, we cannot say that the trial court abused its discretion in awarding attorney's fees to the Appellee at a rate of $250 per hour. Accordingly, we affirm the decision of the chancery court. Costs of this appeal are to be taxed to the Appellant, A.C. Wharton, Jr., Mayor of Shelby County, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE