(21 Misc. Rep. 380.)

### MILTON et al. v. RICHARDSON et al.

(Supreme Court, Special Term, New York County.   October, 1897.)

1. REFEREE—IMPLIED POWERS.
     A referee, who, by an interlocutory judgment, is directed to take and
     state an account, has power to order that the defendant file an account,
     as the giving of the direction carries with it all power to do such things
     as are necessary to its accomplishment.

2. POWER OF SUPREME COURT—PUNISHMENT FOR CONTEMPT.
     The supreme court has power to punish one for contempt, who disobeys
     an order of a referee appointed by the court, though the referee himself
     may also have had such power.

3. ACCOUNTING—REFUSAL TO DISCLOSE ITEMS.
     Where an assignment for benefit of creditors has been set aside, and
     the assignee examined before a referee refuses to disclose items of charges
     that would tend to diminish the gross amount received by him to his own
     exoneration, he may be charged with such gross amount.

Action by William F. Milton and others against Briton Richardson and others.   Motion to punish defendant Richardson for contempt in not obeying an order of the referee to file an account.   Overruled.

Putney & Bishop, for plaintiffs.
Carlisle Norwood, for defendant Richardson.

RUSSELL, J.   This motion is made to punish the defendant Richardson for contempt in not obeying the order of the referee to file an account.   The reference is under an interlocutory judgment to take and state the account of the defendant Richardson, who is assignee of William MacFarlane & Co., the assignment having been set aside, and the reference being designed, among other things, to ascertain the amount in the hands of the assignee for the eventual purpose of this action.   This direction Richardson neglected or refused to comply with, and the reference seems to have come to a halt.   The counsel for the assignee insists that the referee to take and state an account has not power to make the direction, on the ground that the power of such referee is purely statutory, and "it is an essential preliminary to the taking and stating of such an account that there should be a direction to file it," referring to the absence of such a direction to file in the interlocutory judgment.   The second ground urged for resistance is that the referee, if he had power to make the direction, had impliedly power to punish for contempt, and should have exercised it, instead of an application being made to the court. It is true that the powers of a referee are regulated by statute, but it is not correct to say that all of those powers are distinctly specified in the statutes.   The supreme court has the jurisdiction and powers vested in it at the time of the adoption of the Code of Civil Procedure according to the practice of the court, except as otherwise prescribed.   Code Civ. Proc. § 4.   It is the successor of the former court of chancery, whose course, practice, and jurisdiction were the growth of centuries.   The scope of the jurisdiction of the supreme court is distinctly recognized by the present rules of practice

of the supreme court, and the proceedings therein shall be according to the customary practice as it formerly existed in the court of chancery, where not otherwise provided by statute or rules. Rule 84, Sup. Ct. By the 102d and 107th rules of the court of chancery the master in chancery had the power, under a reference to take testimony and state the accounts, to regulate the manner in which the reference was to be executed, and to require the parties within a reasonable time to exhibit in writing before him the several items of charge which they claim against the adverse party, so that it might be known to what points the examination of the witnesses should be directed. Story v. Brown, 4 Paige, 112–115. Under the present system the referee takes the place of the master in chancery, with the same powers, unless otherwise specially prescribed; and therefore has the same jurisdiction in executing the duties imposed upon him. An order of this court to take and state an account gives him the incidental power formerly exercised by a master in chancery, and that power is necessarily incidental to the proper execution of his work. In the objection made by defendant's counsel he confesses substantially that this view is correct by claiming that it is essential to the taking and stating of an account that there should be a direction to file it. That which is essential and necessary to execute the power imposed is certainly incidental to it, the same as administering oaths to witnesses, and it does not need the detailed direction in the interlocutory judgment of the precise manner in which the referee shall act to confer powers flowing from the court which are covered by its general language and general direction to accomplish a certain result. I therefore hold that the referee had the power to make the order or direction, and that it should have been obeyed.

2. I do not decide whether he had the power to punish for disobedience of his direction, although legal reasoning might justify it. The solution of that question is unnecessary. It is quite certain that this court has not lost its jurisdiction to punish by way of contempt any party for disobedience to its lawful mandate, and still has concurrent jurisdiction in that respect with the referee, assuming that he also had the power. This has been decided by the late general term of this department, even in the case of a reference to hear and determine. Naylor v. Naylor, 32 Hun, 228. But, from the view I have of this case, so far as I am able to discover from the papers presented upon this motion, it is not necessary to exercise the power to punish at the present time, whatever may appear to be its necessity in the future. The referee may not only require the exhibit in writing of the items of account, but he may also preclude the parties from making claims for any other items than those which they present, unless they furnish reasonable excuse for the neglect. Story v. Brown, supra. I do not see why, in the course of the investigation before the referee, proof may not be elicited of the gross amount received by the assignee, by the production of his books, or his personal testimony, or by other proof; and, if he fails to present the detailed items of the charges tending to diminish that amount in his own exoneration, the report of the referee may not exclude from consideration such items of charges as to which he fails to present a

detailed account. This power of the referee is inherent, and is also fortified by the presumptions arising as to the conduct of a trustee who refuses to disclose in the proper way material evidence as to the exact state of an account. The motion, therefore, is in form denied, without prejudice, however, to a renewal of the application, based either upon past or future refusals or neglects, which application should be made upon papers including such material parts of the stenographer's minutes as display the rulings of the referee, the materiality of the items desired, and the action of the assignee.

Ordered accordingly.