THOMAS CAGE MAYHEW, Defendant-Appellant, v. LOUCRETTA ROGERS MAYHEW, Complainant-Appellee.—376 S. W. (2d) 324.

Middle Section. November 22, 1963.

Certiorari Denied by Supreme Court March 5, 1964.

460

James W. Rutherford, Nashville, for appellant.

John W. Nolan, III, Nashville, for appellee.

CHATTIN, J. This is an appeal from a decree entered in the Probate Court of Davidson County adjudging the defendant, Thomas Cage Mayhew, in wilful contempt of a divorce decree entered in the Fourth Circuit Court of Davidson County.

On March 18, 1963, a decree for absolute divorce, custody of minor children, alimony and child support was entered in the Fourth Circuit Court of Davidson County in favor of the complainant, appellee here, Loucretta Rogers Mayhew, and against the defendant, appellant here, Thomas Cage Mayhew.

The parties will be referred to as complainant and defendant as they appeared in the court below.

On May 2, 1963, complainant filed a petition in the divorce case charging the defendant with wilful failure to comply with the decree of divorce granting alimony and child support. This petition was addressed to the Fourth Circuit Court of Davidson County. Pursuant to the filing of the petition, a fiat was signed by the Honorable Benson Trimble, Judge of the Fourth Circuit Court of Davidson Conty, ordering the Clerk of that Court to notify the defendant to appear before him on May 8, 1963, to show cause why he should not be adjudged in contempt of Court. A show cause order was issued by the Clerk of the Fourth Circuit Court, which was served upon defendant on May 7, 1963.

On May 6, 1963, the defendant filed a petition addressed to the Fourth Circuit Court in which he alleged that he was unable to comply with the decree of the Court ordering the payment of monthly alimony and child support because his income had been greatly reduced since the entry of the decree. He prayed that these payments be reduced.

On March 13, 1963, the General Assembly of the State of Tennessee passed an Act entitled, "An Act to establish the Probate Court of Davidson County, Tennessee, to define its powers and jurisdiction, and to regulate practice in said Court." The Act provides the County Judge of the Metropolitan Government of Nashville and Davidson County, Tennessee, shall be the Judge of the Probate Court. This Act was approved by the Governor on March 18, 1963.

The Act provides that the Probate Court shall have original jurisdiction over all matters over which the Quorum County Court of Davidson County had immediately preceding the effective date of the Act; and, in addition thereto, the Act provides:

"The Probate Court of Davidson County shall have concurrent jurisdiction with the Circuit and Chancery Courts of Davidson County, including the Fourth Circuit Court of Davidson County, on all matters involving divorces, annulments, separate support and maintenance and custody of children. In exercising the jurisdiction conferred by this paragraph, said Court shall have all the powers conferred upon the Fourth Circuit Court of Davidson County under the provisions of Chapter 44, Public Acts of 1957, and conferred upon Circuit Courts and

Chancellors in divorce and annulment cases under the general laws of this State.

"The Probate Court and other courts in the county having concurrent jurisdiction of domestic relations cases are empowered to adopt rules of practice governing the business of all such courts, including the power to establish uniform rules governing the assignment of cases for trial and the power to elect one of the judges of such courts as presiding judge for the purpose of more effectively disposing of such domestic relation cases.

"The term 'Quorum County Court' or 'County Court,' as used herein, shall be construed to mean the County Court performing in a judicial capacity, as distinguished from Quarterly County Court.

\* \* \* \* \* \*

"Section IV. Be it further enacted, that the Probate Court is hereby empowered to impose the same punishment for contempt of court as the Circuit and Chancery Courts of this State are authorized to impose for contempt of court. Said court is authorized to promulgate rules of practice and procedure for the conduct of business therein."

The record discloses that pursuant to the passage of the Act the Honorable Benson Trimble, Judge of the Fourth Circuit Court, was made the Presiding Judge of the Courts of Davidson County having concurrent jurisdiction of domestic relations cases and it became his duty to assign for trial such cases to the various courts.

Prior to May 8, 1963, Judge Benson Trimble assigned for trial to the Probate Court of Davidson County the

petition for contempt filed by the complainant and the petition for reduction of payments of alimony and child support filed on behalf of the defendant.

On May 8, 1963, the parties appeared before the Honorable Shelton Luton, the Judge of the Probate Court of Davidson County. The defendant moved the court to hear both petitions at the same time. The court overruled this motion. After hearing the proof on the contempt petition, the court granted an order adjudging the defendant in wilful contempt of the decree entered in the divorce case. The petition of the defendant was set for trial on May 15, 1963. After hearing the proof in that matter, the court held the defendant was not entitled to a reduction in the payment of alimony and child support. He further decreed the defendant in contempt and ordered him to make certain payments and to perform certain acts as required by the divorce decree by certain dates in order to purge himself of contempt.

On May 20, 1963, the defendant filed a petition in the Probate Court in which he alleged that court did not have jurisdiction to hear and determine the contempt proceedings since the contempt was directed to a decree entered in the Fourth Circuit Court and that Court alone had exclusive jurisdiction of the matter of contempt; and that the decree entered by the Probate Court was, therefore, a nullity.

This petition was treated by the court and the parties as a plea in abatement.

The petition was heard by the Probate Court on July 12, 1963, and the court entered a decree adjudging the defendant had surrendered himself to the jurisdiction of the court by his appearance and resisting the petition for

contempt and by filing his petition seeking a modification of the divorce decree which was heard by the Probate Court without objection. Accordingly, the court overruled the petition.

The defendant has appealed and assigned four assignments of error.

Before entering upon a discussion of the questions made by the assignments of error, we think the Act creating the Probate Court of Davidson County should be construed to ascertain its intent and purpose.

■ The legislative intent controls the construction of statutes. Chicago and Southern Air Lines, Inc. v. Evans, 192 Tenn. 218, 240 S. W. (2d) 249.

■ A statute should be construed as a whole, giving effect to each word; and it should be assumed the legislature used each word in the statute purposely and that the use of the words convey some intent and have a meaning and a purpose. Anderson Fish and Oyster Company v. Olds, 197 Tenn. 604, 277 S. W. (2d) 344.

"In the construction of statutes it is a general rule that where provisions of the statute are general, everything which is necessary to make such provisions effectual is supplied by the common law. And when a power is given by statute, everything necessary to make it effectual is given by implication." State ex rel. Branch & Company v. Sinking Fund Commissioners, 1 Tenn. Cas. (Shannon) 490.

■■ Thus, we are of the opinion a case assigned by the Presiding Judge to the Probate Court or to the Fourth Circuit Court of Davidson County under authority of the Act that Court acquires jurisdiction of the

parties and subject matter, although the case may have originated in a court other than the court to which the case is assigned for trial by process issued from such other court. If this was not true, the power to assign cases for trial by the Presiding Judge would be ineffectual.

"That which is implied in a statute is as much a part of it as that which is expressed." 82 C. J. S. Statutes sec. 327, page 633.

But the case at Bar was tried in the Fourth Circuit Court and the final decree upon which the contempt proceeding is based was entered on March 18, 1963, the same day the Act creating the Probate Court of Davidson County became effective; and by authority of T. C. A. 36-820 and T. C. A. 36-828 the Fourth Circuit Court retained the exclusive jurisdiction of the case for the enforcement of that decree.

■ In the case of Kizer v. Bellar, 192 Tenn. 540, 241 S. W. (2d) 561, our Supreme Court held that the Circuit Court which granted the divorce and ordered the alimony and support payments had exclusive jurisdiction in those matters. To the same effect see the case of Crane v. Crane, 26 Tenn. App. 227, 170 S. W. (2d) 663.

"In every divorce decree wherein an order is made for the support and maintenance of the wife and children the cause remains in the control of the Court without regard to whether the decree of divorce so provides." Kizer v. Bellar, supra; Perry v. Perry, 183 Tenn. 362, 192 S. W. (2d) 830.

■ The Act creating the Probate Court of Davidson County, Chapter 124, Private Acts of 1963, T. C. A.

36-820 and T. C. A. 36-828, are in pari materia and must be read and construed together.

Accordingly, we are of the opinion that when a divorce case is assigned to a court under authority of the Act by the Presiding Judge and an order or decree is entered therein for the support of the wife and children, the cause remains in the control of that court for the enforcement of that decree, and the Presiding Judge is without authority to transfer a petition for the enforcement of such decree to another court. Such construction harmonizes the statutes and gives effect to each.

The assignments of error present two questions for decision by us: Did the Probate Court of Davidson County have jurisdiction of the parties and the subject matter? If not, did the defendant confer jurisdiction by appearing in the contempt proceedings and by filing his petition for modification of the divorce decree and prosecuting it in the Probate Court?

We are of the opinion we must answer these questions in the negative.

We have heretofore pointed out the Fourth Circuit Court had the exclusive jurisdiction of the contempt proceedings under the particular facts and circumstances of this case.

Further, it should be observed the Fourth Circuit Court and the Probate Court of Davidson County are separate and distinct courts. They have concurrent jurisdiction in matters of domestic relations. But neither is a part or agency of the other. They are courts of equal dignity in domestic relations cases.

"It is a well established rule that the power to judge a contempt rests exclusively with the court contemned, and that no court is authorized to punish a contempt against another court. Accordingly, disobedience of the order of a state court is not punishable as for contempt by a court of another state or by a federal court. However, a court may punish contempts committed against a court or judge constituting one of its parts or agencies, as in the case of a court composed of several coordinate branches or divisions." 17 C. J. S. Contempt sec. 51, page 126.

It is the law of Tennessee that the court against which the contempt is committed is the one having jurisdiction to try it. Chaffin v. Robinson, 187 Tenn. 125, 213 S. W. (2d) 32; Churchwell v. Callens, 36 Tenn. App. 119, 252 S. W. (2d) 131.

"It is a well settled rule that that court alone in which a contempt is committed, or whose order or authority is defied, has power to punish it or to entertain proceedings to that end." Rapalje on Contempt, Section 13; Young v. Knight, Ky., 329 S. W. (2d) 195, 77 A. L. R. (2d) 994.

"It is well settled in this state that want of jurisdiction of the subject-matter in dispute cannot be cured by appearance, by consent, or in any other way whatsoever, but the judgment is and must remain to all intents and purposes null and void." Board v. Bodkin Bros., 108 Tenn. 700, 69 S. W. 270.

"Jurisdiction of the subject-matter relates to the right of the court to adjudicate or to make an award through the remedies provided by law upon facts proved, or admitted, in favor of or against

persons who present them or who are brought before the court under sanction of law. Jurisdiction of the subject-matter is not waived by appearance and may be taken advantage of at any stage of the proceeding, for in such cases the judgment would be coram non judice.'' Chambers v. Sanford and Treadway, 154 Tenn. 134, 289 S. W. 533; Curtis v. Garrison, 211 Tenn. 339, 364 S. W. (2d) 933.

Accordingly, the assignments of error are sustained and the trial court reversed. A decree will be entered in this Court vacating the decree of the trial court adjudging the defendant in contempt and the cause remanded to the Fourth Circuit Court. The costs are taxed against the defendant.

Shriver and Humphreys, JJ., concur.