KNOX COUNTY, ex rel., Dwight
KESSEL, County Executive,
Plaintiffs–Appellees,

v.

KNOX COUNTY PERSONNEL BOARD:
Sam J. McDonald, E. Bruce Foster, Sr.,
Joyce D. Drew, Billy P. Eversole, Sr.,
and Ray Profitt; and Carolyn Gamble,
Defendants–Appellants.

Court of Appeals of Tennessee,
Eastern Section.

March 4, 1988.

Permission to Appeal Denied by
Supreme Court June 27, 1988.

J. Anthony Farmer, Knoxville, for Knox County Personnel Bd.

Charles D. Susano, Jr., Knoxville, for Carolyn Gamble.

Dale Workman, Law Director, and Michael S. Ruble, Deputy Law Director, Knox County, Knoxville, for plaintiffs-appellees.

## OPINION

FRANKS, Judge.

In this action, the chancellor held the Knox County Personnel Board acted beyond its authority in reinstating Carolyn Gamble as an employee of Knox County. Gamble and the Knox County Personnel Board have appealed, insisting the board acted within its authority as the "final appeals body", under the "Knox County Personnel Plan", which was adopted by the Knox County Commission pursuant to Private Acts, 1980, chapter 248.

Chapter 248, Private Acts of 1980, provides in pertinent part:

Notwithstanding any other provision of law to the contrary, the Knox County legislative body is hereby authorized to establish and amend as necessary for the employees of Knox County a system of personnel administration based on merit principals [sic], or to amend and ratify the current system. Such system shall govern the appointment, promotion, transfer, layoff, removal and discipline of employees, and other similar matters relating to employees, ...

Another Private Act passed in conjunction, Chapter 286, 1980, provided in pertinent part:

The Directors of the executive departments [Knox County] shall hire and may terminate the employment of the employees of their respective departments subject to such regulations and standards as may be developed by the Department of Personnel and approved by the County Executive. The Board of County Commissioners may adopt personnel regulations and standards by resolution which shall supersede the existing executive regulations.

The Knox County Personnel Board was created by the personnel plan enacted by the Knox County Commission. The plan outlines the role and jurisdiction of the board as follows:

### ROLE OF THE KNOX COUNTY PERSONNEL BOARD

The board shall be the final appeals body in county personnel grievances.

The jurisdiction of the board shall extend to all county government employees covered by this plan, provided the employees are not covered by another merit or tenure plan.

The plan provides the board shall: "serve in an advisory capacity to represent the public interest in personnel administration in Knox County government...." The plan then establishes personnel policies, providing for promotions, transfers and reassignments, separations, demotions, suspensions and dismissals. Under the same heading, is provided "Appeals: Any employee aggrieved by any action or decision with regard to a covered position for which appeal rights are granted may file appeals as allowed by this plan." Appeals are required to be in writing and are required to first be filed with the immediate supervisor and, if unresolved, "may be sent to the Personnel Board for decision." Finally, the plan provides:

In case of appeals which are heard by the Personnel Board, the Board shall receive the appeal no later than 30 days after the appeals process is initiated, shall hear the

appeal within ten working days of the date received by the Board (except by agreement of all parties), and shall announce the decision within five working days of the hearing. If any step in the appeals process cannot be taken, as in the case of the absence of a person who is to consider an appeal, the appeal is to advance to the next step. The employee may be accompanied to the hearing at any step in the process by an attorney (whose fees shall be paid by the employee), or by one other person of the employee's choosing.

The chancellor concluded the plan's terminology was in conflict in that the board is designated as the "final appeals body" but serves "in an advisory capacity," and refused to uphold the employee's reinstatement by the board.

 In interpreting a legislative Act, the primary consideration is determining the intent of the legislature. *Tidwell v. Collins,* 522 S.W.2d 674 (Tenn.1975). The Private Act is explicit in that its purpose is to permit the county to adopt an administrative procedure based on merit principles[1] for Knox County employees and due to its purpose, the Act is to be given a liberal construction. *Brown v. Brown,* 187 Tenn. 617, 216 S.W.2d 333 (1948). If an Act is capable of more than one construction, the Act should be construed so as to effect rather than defeat its purpose. *State v. Netto,* 486 S.W.2d 725 (Tenn.1972).

 This court observed in *Mayhew v. Mayhew,* 52 Tenn.App. 459, 376 S.W.2d 324 (1963):

"In the construction of statutes it is a general rule that where provisions of the statute are general, everything which is necessary to make such provisions effectual is supplied by the common law. And when a power is given by statute, everything necessary to make it effectual is given by implication." *State ex rel. Branch & Company v. Sinking Fund*

*Commissioners,* 1 Tenn.Cas. (Shannon) 490.

*Id.,* at 466, 376 S.W.2d 324.

On these principles, Private Act 248 granted the Knox County legislative body the authority to create a personnel plan based on merit principles to govern all manner of employment, including hiring, firing, discipline, removal and similar matters.

 Significantly, the county is given the power to remove employees by the plan. The county, as a creature of the legislature, only possesses the powers granted by the legislature. *Bayless v. Knox County,* 199 Tenn. 268, 286 S.W.2d 579 (1955); *Burnett v. Maloney,* 97 Tenn. 697, 37 S.W. 689 (1896). The county argues it possesses the power to discharge through the Private Act, Chapter 286. That Act gives power to hire and fire personnel; however, the power is subject to "regulations and standards" adopted by the Knox County legislative body. The personnel plan was developed and approved by the county legislative body and the county executive. Accordingly, the county executive's power in this regard is subject to the plan.

 The issue thus becomes whether the personnel plan complies with the enabling Act. Absent a showing to the contrary, it is presumed that an ordinance or resolution fully complies with the legislative Act from which it derives its validity and the enactment complies with all requirements of its intended purpose. *Walldorf v. City of Chattanooga,* 192 Tenn. 86, 237 S.W.2d 939 (1951); *Alsip v. City of Chandler,* 408 P.2d 512 (Okl.1965); *Greenberg v. Lee,* 196 Or. 157, 248 P.2d 324 (1952). *Also see* 56 Am. Jur.2d 56, § 384.1.

 The county argues since the board was given authority to serve in an advisory capacity, it can only act on appeals in an advisory fashion. This argument is without merit. A careful analysis

---

1. Merit when used in this context is a word of art and systems based on merit protect employees from arbitrary removal and provides for removal "only on unfitness for the work for one reason or another, and not upon personal considerations." *Donaldson v. Sisk, et al,* 57 Ariz. 318, 113 P.2d 860, 865 (1941).

of the plan reveals that the advisory role of the board was given in addition to the board's role as the "final appeals body". It is generally held that administrative and procedural rules and regulations promulgated under a grant of legislative authority may not be inconsistent with the purpose and the intent of the legislative Act nor may they remove or limit substantive rights granted in the enabling Act. *Hallman v. City of Northport*, 333 So.2d 152 (Ala.App.1976). The interpretation urged upon us by the county would serve to defeat the purpose of the Act since the Act mandates the plan's administration will be based on merit principles.

We conclude the enabling legislation and the personnel plan vest the Knox County Personnel Board with full authority as the county's final appeals body to adjudicate the rights of personnel protected by the merit plan, including continuing employment. The plan need not expressly state what is necessarily implied in order to render it effectual. See *Clanton v. Cain–Sloan Co.*, 677 S.W.2d 441 (Tenn.1984).

We conclude there is ample material evidence to support the decision of the Board and the cause is remanded for the entry of an order consistent with this opinion with costs assessed to the county.

SANDERS, P.J. (E.S.), and GODDARD, J., concur.