Dorothy W. DULANEY, Clerk and Master for the Chancery Court at Blountville, Plaintiff–Appellee,

v.

William H. McKAMEY, County Executive of Sullivan County, Defendant–Appellant.

Court of Appeals of Tennessee, Eastern Section.

Nov. 12, 1992.

Permission to Appeal Denied by Supreme Court March 1, 1993.

John S. McClellan, III, Sullivan County Atty., Blountville, for defendant-appellant.

Craig H. Caldwell, Jr., of Winston, Massengill, Caldwell & Hyder, P.C., Bristol, for plaintiff-appellee.

### OPINION

McMURRAY, Judge.

Sullivan County is served by three separate and distinct Clerks and Masters. One maintains an office in Kingsport, one in Bristol and one in Blountville, the county town. The plaintiff here is the Clerk and Master at Blountville. The defendant is the County Executive for Sullivan County. This action was brought pursuant to the provisions of T.C.A. § 8–20–101, *et seq.*, seeking court approval of additional funds for part-time help in the office and an increase in the Deputy Clerk and Master's salary. After a bench trial, the court allowed both and this appeal resulted. For reasons hereinafter stated, we affirm the judgment of the trial court.

T.C.A. Chapter 20, Section 8 provides in pertinent part as follows:

**8–20–101. Application for authority to employ deputies.—** Where any one (1) of the clerks and masters of the chancery courts ... cannot properly and efficiently conduct the affairs and transact the business of his office by devoting his entire working time thereto, he may employ such deputies and assistants as may be actually necessary to the proper conducting of his office in the following manner and under the following conditions, namely:

\*   \*   \*   \*   \*   \*

(3) The clerk and master of the chancery court ... shall make application to the chancellor, or to (one) 1 of the chancellors (if there be more than one (1)), holding court in their county by sworn petition as above set forth, showing the necessity for a deputy or deputies or assistants, the number required and the salary each should be paid.

**8–20–102. County Executive as defendant—Hearing and Decision.—** Each of the above named officers in his petition shall name the county executive as a party defendant thereto.... [T]he court shall promptly in term or at chambers have such a hearing on the application, on the petition and answer thereto, as will develop the facts, and the court may hear proof either for or against the petition. The court may allow or disallow the application, either in whole or in part, and may allow the whole number of deputies or assistants applied for or a less number, and may allow the salaries set out in the application or smaller salaries, *all as the facts justify.* (Emphasis added).

**8–20–103. Requirements for authorization.—** (a) No deputy or deputies nor assistants shall be allowed to any office, unless the officer himself is unable to discharge the duties of the office by devoting his entire working time thereto,

. . . .

After a hearing pursuant to the above provisions, the chancellor authorized the clerk and master to employ part-time assistants and to expend a sum therefor not to exceed $3,000.00 per year. Additionally, the chancellor authorized the clerk and master to increase the salary of her deputy to $21,985.60 retroactive to July 1, 1991.

■ The appellant complains only of the action of the chancellor in authorizing the pay increase to the deputy clerk and master. In his brief the issue for our consideration is stated as follows:

Whether the trial court committed reversible error in awarding plaintiff's dep-

uty a salary corresponding to Class "H"[1] with seven years of service in the sum of Twenty-one thousand nine hundred eighty-five and 60/100 ($21,985.60) Dollars retroactive to July 1, 1991 for the County's 1991–1992 fiscal year which sum exceeded any other Deputy Clerk and Master's salary in either of the other two offices of the Clerk and Master in Sullivan County, Tennessee.

Firstly, we note that an application for authority to employ deputies or assistants and to establish their salaries is to be treated no differently than any other lawsuit. Therefore, the action of the trial court must be based on findings of fact established by a preponderance of the evidence. In our review of the case, we are bound by the provisions of Rule 13(d), Tennessee Rules of Appellate Procedure, *i.e.,* review of findings of fact by the trial court shall be *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the finding, unless the preponderance of the evidence is otherwise.

The appellee presented evidence in the trial court that she was and is unable to perform the duties of her office by devoting her entire working time thereto. She further established that she had only one full time employee, Ms. Delores Conant, and that Ms. Conant had originally been employed both by the Clerk and Master's office and the County Clerk's office until probate matters were transferred completely to the Clerk and Master's office. At that time Ms. Conant became a full-time deputy clerk and master. She further established that the office at Blountville was the only office which handled probate matters in addition to other regular duties and that all the duties relating thereto fell to her and her deputy. She further testified that the fees of her office were sufficient to defray the expenses of her office including the costs of the proposed increased salary. The appellee was of the opinion that an increase in salary was justified because of the complexities of the office and to make the position comparable to private enterprise.

Evidence was further adduced relating to salaries of the deputy clerk and masters in the other two offices and the office of the Circuit Court Clerk. It was demonstrated that there were no other employees in either office except supervisory personnel in the Circuit Court Clerk's office who received the salary which the Clerk and Master sought for her deputy, *i.e.* classification as a "J" employee at an annual salary not to exceed $23,296.00.

The county objected strenuously to any increase in salary asserting that the salary classification was fair and appellee's deputy was adequately compensated; that all "J" employees were supervisors and that Ms. Conant was not a supervisor. The county also, through the County Executive, Mr. William H. McKamey, expressed concern that if a salary increase was allowed in this office "everybody in Sullivan County will be asking for "Js" for the chief deputies and offices." We simply note, that in this respect, each case must be judged on its own merits.

The trial judge in his memorandum opinion and order stated:

From the evidence presented there can be no doubt that the office cannot properly and efficiently be conducted by the Clerk and Master alone devoting her entire working time thereto. The employment of a full time deputy clerk and master, with some additional allowance for part-time assistants is warranted and necessary. ...

The court finds the salary currently appropriated and paid to the deputy clerk and master is below that prevailing for the nature and type of services required

---

1. Sullivan County has adopted an employee classification schedule. The "H" referred to here is the classification under which an employee would have to be classified in order to receive the salary approved for the deputy clerk and master in this case. We note that the classification schedule is in no way binding on the trial court in establishing salaries pursuant to T.C.A. § 8–20–101, *et seq.*

and performed, and is less than that which is reasonably necessary to retain competent personnel against the enticements of the private sector.

The court is also of the opinion and finds the current annual salary for the position of Deputy Clerk and Master at Blountville should be fixed at the sum of $21,985.60, corresponding to Class "H", with seven years prior service on the salary schedule of Sullivan County Commission, the same to be retroactive to July 1, 1991, the beginning of the 1991–1992 fiscal year.

Upon our review of the record, we are unable to say that the evidence preponderates against the findings of fact made by the trial court. It is readily apparent that he took into consideration all facts required to be considered by statute. Further he considered and compared salaries of other employees doing similar duties.

We, therefore, affirm the judgment of the trial court in all respects. Costs will be paid pursuant to the provisions of T.C.A. § 8–20–107. The case is remanded to the trial court.

SANDERS, P.J. (E.S.), and GODDARD, J., concur.