# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 2000 Session

## STATE OF TENNESSEE v. JOSEPH D. GRAY

**Appeal from the General Sessions Court for Davidson County**
**No. 2767     Gale B. Robinson, Judge**

---

**No. M1998-00256-COA-R3-CV - Filed October 5, 2000**

---

The sole remaining question in this appeal is whether in October of 1998 the General Sessions Court of Davidson County had jurisdiction over a contempt warrant issued for violating the Davidson County Circuit Court's order of protection. We affirm the General Sessions Court's exercise of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

John E. Herbison, Nashville, Tennessee, for the appellant, Joseph D. Gray.

Paul G. Summers, Attorney General and Reporter; Lucian D. Geise, Assistant Attorney General; and Sean Allen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I.

On July 11, 1997, the Second Circuit Court of Davidson County issued an order of protection prohibiting Joseph Darryl Gray from coming about, telephoning, or stalking the petitioner, Loretta Sue Gray. On July 2, 1998 and August 3, 1998, the General Sessions Court of Davidson County issued warrants for Mr. Gray's arrest on a charge of contempt of court for two separate violations of the Second Circuit's order. Mr. Gray appeared and challenged the jurisdiction of the court, but he entered a best-interest guilty plea, reserving the jurisdictional issue for appeal.

Mr. Gray appealed to the Court of Criminal Appeals, but that court, in a written opinion, found that this court had jurisdiction of the appeal pursuant to Tenn. Code Ann. § 16-4-108(b)(1994). *See State v. Joseph D. Gray*, No. M1998-00256-CCA-R3-CD (Tenn. Crim. App. at

Nashville, Dec. 20, 1999). Consequently that court transferred the cause to this court. *See* Tenn. R. App. P. 17.

## II.
### CONTEMPT

The power to punish for contempt is inherent in the courts of justice. *Thigpen v. Thigpen*, 874 S.W.2d 51 (Tenn. Ct. App. 1993). "But this power, inherent and vital as it is, is not unlimited; it can be exercised only within the fixed rules of law. Our statutes are declaratory of these rules." *Loy v. Loy*, 222 S.W.2d 873 at 877 (Tenn. Ct. App. 1949).

The general statutes are found in Chapter 9 of Title 29 of the Code. Tenn. Code Ann. § 29-9-102 defines the scope of the contempt power; it includes the power to punish the contemnor for the willful disobedience of any lawful order, rule, decree, or command of the courts. Tenn. Code Ann. § 29-9-102(3).[1]

The general contempt statutes do not, however, deal with the question of whether a court may punish contempts of another court's order. The answer to that question is to be found in our court decisions, and generally, the power to punish for contempt is reserved to the court against which the contempt is committed, i.e. the court whose order is disobeyed. *Chaffin v. Robinson*, 213 S.W.2d 32 (Tenn. 1948). "One tribunal may not punish for contempt of another." *Raht v. Southern Railway Company*, 387 S.W.2d 781 (Tenn. 1965). *See also Churchwell v. Callens*, 252 S.W.2d 131 (Tenn. Ct. App. 1952); 17 Am. Jur. 2d *Contempt* § 41. A court may, however, punish a contempt committed against another division of the same court, *Mayhew v. Mayhew*, 376 S.W.2d 324 (Tenn. Ct. App. 1964), and the power to punish for contempt may be given by statute to more than one tribunal. *Milton v. Richardson*, 47 N.Y.S. 735 (1897).

## III.
### THE DOMESTIC ABUSE STATUTES

In 1979, in an effort to curb domestic abuse, as defined in Tenn. Code Ann. § 36-3-601, the legislature created a device to deal with the problem expeditiously. The device is called an "order of protection", Tenn. Code Ann. § 36-3-603, or a "protection order", Tenn. Code Ann. § 36-3-604. The statutes also extended the power to issue orders of protection to courts that otherwise would not have had it. In Davidson County the courts having jurisdiction include "any court of record with jurisdiction over domestic relations matters and the general sessions court." Tenn. Code Ann. § 36-3-601 (3)(B).

---

[1] Tenn. Code Ann. § 29-9-102 goes back to the Public Acts of 1831, the same year that the United States Congress passed an almost identical statute to govern federal courts. *See* 18 U.S.C. § 401 (1988). Apparently Congress became alarmed by the expansive view of his contempt powers by a federal judge in St. Louis, who punished a lawyer for publishing a critical article. *See Green v. United States*, 356 U.S. 165 (1957). We suspect that the state legislature passed our statute out of a similar concern.

With respect to enforcement, the legislature provided:

> (a)  Upon violation of the order of protection or a court-approved consent agreement, **the court may hold the defendant in civil or criminal contempt and punish the defendant in accordance with the law**.  A judge of the general sessions court shall have the same power as a court of record to punish the defendant for contempt when exercising jurisdiction pursuant to this part or when exercising concurrent jurisdiction with a court of record.  A judge of the general sessions court who is not a licensed attorney shall appoint an attorney referee to hear charges of criminal contempt.  (Emphasis added)

Tenn. Code Ann. 36-3-610(a).

It seems to us that the answer to the appellant's contention in this case is found in the statute.  Tenn. Code Ann. § 36-3-610(a) gives the general sessions court the power to enforce the order of the circuit court.  The first sentence of the paragraph says "the court" may hold the defendant in civil or criminal contempt.  As we have seen "the court" has been defined to include the general sessions court in Davidson County.  The second sentence of Tenn. Code Ann. § 36-3-610(a) also reflects the General Assembly's decision to permit general sessions courts to hear contempt petitions for violations of protective orders previously issued by a court of record.  This sentence expands a general sessions court's contempt power to the same level as the circuit court[2] not only when the general sessions court is "exercising jurisdiction pursuant to this part" but also when it is "exercising concurrent jurisdiction with a court of record."  In cases of this sort, a general sessions court can be said to be exercising "concurrent jurisdiction" with a court of record only when it is hearing a contempt proceeding for the violation of an order of protection previously issued by a court of record.

A related issue has been raised concerning the proper venue for a contempt petition based on the violation of an order of protection issued in one county and violated in another.  The office of the Attorney General issued its opinion No. 98-060 containing the conclusion that the only proper venue was in the county where the order was issued.  The opinion cited *Chaffin, Churchwell,* and *Mayhew* for the conclusion, because there were no cases dealing with inter-county enforcement of orders of protection and these cases involved nearly-related issues.

After the Attorney General issued opinion No. 98-060 the legislature solved the problem by adding paragraph (b) to Tenn. Code Ann. § 36-3-612:

> (b) Either the court that originally issued the order of protection or a court having jurisdiction over orders of protection in the county where the alleged violation

_____

[2] Tenn. Code Ann. § 29-9-103(b) empowers courts of record to punish contempt with a fine of fifty dollars and up to ten days in jail; while the Metropolitan Charter permits general sessions courts to punish contempt with a fine of $25 and/or a jail sentence not to exceed ten days.

of the order occurred shall have the authority and jurisdiction to conduct the contempt hearing required by subsection (a). If the court conducting the contempt hearing is not the same court that originally issued the order of protection, the court conducting the hearing shall have the same authority to punish a violation of the order of protection as the court originally issuing such order.

The legislative history of the amendment reflects that the legislature's concern was directed solely at the question of multi-county enforcement of protection orders. The sponsors cited the Attorney General's opinion and the confusion it created over whether protection orders could be enforced statewide. The amendment was designed to ensure that a protection order could be enforced wherever a violation occurred.

Although the logic in the Attorney General's opinion could be applied to intra-county enforcement of protection orders – based on the cases cited in the opinion – we think the legislature had already solved that problem by providing that the court could hold the defendant in contempt and defining the court to include courts other than the one that issued the order.

The judgment of the trial court is affirmed and the cause is remanded to the General Sessions Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant, Joseph D. Gray.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.