IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

WILLIAM R. KEY, Clerk of
the Criminal Courts of
Shelby County, Tennessee,

     Plaintiff,

v.

JULIAN T. BOLTON, Chairman
of the Shelby County Board of
Commissioners, and JIM ROUT,
Mayor of Shelby County, Tennessee,

     Defendants.

Shelby Criminal No. P-17169
   C.A. No. 02A01-9703-CR-00072

Hon. Chris Craft, Judge

**FILED**

**August 13, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

DAVID F. KUSTOFF, Memphis, Attorney for Plaintiff.

ALAN G. CRONE, Assistant Shelby County Attorney, Wilder, Crone, Johnston,
Mason & Goodwin, PLC, Memphis, Attorney for Defendants.

*REVERSED AND REMANDED*

Opinion filed:

MEMORANDUM OPINION[1]

TOMLIN, Sr. J.

     William R. Key, Clerk of the Criminal Courts of Shelby County (hereafter

"Plaintiff") filed a petition in the Criminal Court of Shelby County against Mark

Norris, Chairman of the Shelby County Board of Commissioners, and Jim Rout, Mayor

of Shelby County (hereafter "Defendants") seeking salary increases for various

employees of the Criminal Court Clerk's Office in Shelby County pursuant to T.C.A. §

8-20-101 *et seq.* Following a bench trial the trial court granted all of the requested

salary increases. Defendants have raised two issues on appeal: (1) whether the trial

court erred in allowing plaintiff to bring a petition for salary increases pursuant to

T.C.A. §§ 8-20-*101 et seq*; and (2) whether the evidence preponderates against the action

---

     [1]Rule 10(b) (Court of Appeals). <u>MEMORANDUM OPINION.</u> The Court, with the
concurrence of all judges participating in the case, may affirm, reverse or modify
the actions of the trial court by memorandum opinion when a formal opinion would
have no precedential value. When a case is decided by memorandum opinion
it shall be designated "MEMORANDUM OPINION," shall not be published, and shall
not be cited or relied on for any reason in a subsequent unrelated case.

of the trial court. For the reasons hereinafter stated, we reverse the judgment of the court below and remand for further proceedings.

The basic facts are not in dispute. Plaintiff filed a petition in the Criminal Court of Shelby County seeking pay increases for over 100 employees in the Criminal Court Clerk's Office. In their answer defendants took issue with the requested increased compensation for only 10 positions, this opposition being on the ground that the requested salary increases exceeded the amount of increases recommended by the Shelby County Commission, and the Director of Personnel, both of whom are responsible for carrying out the salary policy for Shelby County employees. At that time the approved salary policy provided for a maximum increase in salary of four percent for the fiscal year 1996-1997. It was the contention of the defendants that any increase greater than the stated percentage would create a pay inequity with other Shelby County employees holding a similar job classification.

The positions whose proposed pay raises were disputed and their respective percentage increases are as follows: three "Manager A" positions, 13%; one "executive secretary" position, 9%; and six "deputy court room clerk" positions, 9%. Jim Martin, the Shelby County Administrator of Personnel (hereafter "Martin"), testified that it was part of his job function to evaluate requests for salary increases by carrying out compensation studies on Shelby County employees. Martin testified further that the Criminal Clerk's Office had never formally requested that his department perform a compensation study on the salary increases requested in plaintiff's current petition. He further stated that in order to determine if a particular salary increase was fair to all employees within the county system, a comprehensive and detailed analysis would have to be performed over the different departments within the county. He stated further that he was aware that plaintiff was unhappy with the perceived inequities in pay in his office, but also conceded that the limited resources of his office prevented him from personally initiating any compensation studies.

As we perceive it, the first issue that we must resolve is whether or not Chapter 110 of the Private Acts, 1971 precludes a Shelby County official from filing a petition to seek a pay increase for the employees of his department pursuant to T.C.A. § 8-20-

2

101.  Defendants contend that pursuant to the provisions of Chapter 110 of the Private Acts, 1971 said Act provides the sole means for seeking an increase in the salaries of county employees.

The Civil Service Merit System of Shelby County was created with the enactment of Chapter 110 of the Private Acts, 1971. All Shelby County employees are covered by this Act, including the employees affected by plaintiff's petition.  The Act also established the Civil Service Merit Board whose powers and duties are spelled out in part as follows:

> **Section 6. POWERS AND DUTIES OF BOARD.**  The powers and duties of the Civil Service Merit Board shall be as follows:
> (B) To make recommendations to the Secretary and to the Quarterly Court concerning the processing, examination, and certification of applicants and the administration of the system;                      (C) To review the classification plan, compensation plan and personnel policies and to make recommendations to the secretary and to the Quarterly Court regarding their adoption and/or revision;

The Act also provides that the Personnel Director of Shelby County would serve as the Secretary of the Civil Service Merit Board.  The duties and responsibilities of the Secretary were set forth in the Act, which included preparing a classification plan that would seek to maintain equity in compensation among the various county employees, based upon objective criteria.  Pursuant to this classification plan, the Civil Service Merit Board promulgated a schedule of compensation for all county employees.  In this regard the Board's responsibility is as follows:

> **SECTION 11. SCHEDULE OF COMPENSATION.**  For each class of positions established in the classification plan, a study shall be made of the rates paid for similar services elsewhere and of other information pertaining to proper rates of compensation and a schedule shall show for each class a minimum salary rate, a maximum salary rate and such intermediate rate or rates as is equitable and proper.

Plaintiff contends that as Criminal Court Clerk of Shelby County he has the alternative right to seek salary increases for employees in his office by the filing of a petition pursuant to T.C.A. § 8-20-101 *et seq.*.  Plaintiff further contends that pursuant to said code section, the trial court is endowed with the power to adjudicate matters authorizing the position and salaries of deputy clerks and assistants.  The pertinent

3

provisions of T.C.A. § 8-20-101 are as follows:

> **8-20-101. Application for authority to employ deputies.--**(a) Where any one (1) of the . . . clerks of probate, criminal, civil and special courts,. . . cannot properly and efficiently conduct the affairs and transact the business of such person's office by devoting such person's entire working time thereto, such person *may employ such deputies and assistants as may be actually necessary to the proper conducting of such person's office* in the following manner and under the following conditions, namely:
>     (1) The *clerks* of the circuit, *criminal and special courts* may make application to the judge, or any one (1) of the judges of their respective courts,. . . by *petition duly sworn to, setting forth the facts showing the necessity for a deputy or deputies or assistants, the number required and setting forth the salary that should be paid to each;* (Emphasis added).

T.C.A. § 8-20-102 requires that any petition brought by a clerk of a court shall name the county executive as defendant. The trial court is also given power to modify in an appropriate way the petition's requests, as follows:

> The court may allow or disallow the application, either in whole or in part, and may allow the whole number of deputies or assistants applied for or a less number, and may allow the salaries set out in the application or smaller salaries, all as the facts justify.

Plaintiff contends that pursuant to §§ 8-20-101 and 102, the trial court is given the discretion to grant the clerk's application to employ additional deputy clerks as well as to establish their salaries. In support of this contention, plaintiff cites Dulaney v. McKamey, 856 S.W.2d 144 (Tenn. App. 1992), a case originating out of Sullivan County. While good authority as far as it goes, it is not relevant to the issue before us in the case under consideration as in Sullivan County there was no private act similar to the Private Acts, 1971 in existence at the time the plaintiff's petition was filed.

Defendants contend that T.C.A. § 8-20-101 is inapplicable to Shelby County employees as a result of the passage of Chapter 110 of the Private Acts, 1971, *citing* Shelby County Civil Service Merit Board v. Lively, 692 S.W.2d 15 (Tenn. 1985). In Lively the issue before the court at that time was whether or not the sheriff of Shelby County had the authority to terminate certain commissioned deputies pursuant to T.C.A. § 8-2009, which provided that sheriffs had the power to terminate any depute at will. The supreme court in Lively held that the Private Acts, 1971 superseded the general statute—§ 8-2009—and extended job protection regarding termination to

4

Shelby County deputies, noting that the private act in question specifically exempted Shelby County from the provisions of T.C.A. § 8-2009.

While relevant, we do not have the <u>Lively</u> issue before us, but a different one—whether or not the process outlined in the Private Acts, 1971 provided the only means by which the Criminal Court Clerk might petition for an increase in pay of his or her employees. It is appropriate that we here note some of the observations made by the <u>Lively</u> court regarding this private act, noting first the General Assembly's motivation in enacting same:

> It is our opinion that the General Assembly classified Shelby County separately with respect to the Civil Service status of deputy sheriffs, **as well as employees of many other county officials**, because of the number and complexity of the county personnel and because of its desire to place all of the "assistants and deputies" of the sheriff, as well as those of other county officers under tenured civil service systems...(Emphasis added).

<u>Lively</u> at 19.

The <u>Lively</u> court then concluded that "The creation of a civil service system for a local government is a legitimate objective of the General Assembly, and one which it may accomplish within rather broad limits." <u>Id.</u> at 19.

In addition the <u>Lively</u> court acknowledged the potential for conflict to develop between any civil service system and the general statutes governing county employees, such as T.C.A. § 8-20-101 *et seq.*:

> Almost any county civil service system would conflict with the general statutes if it involved employees of the county officers covered by T.C.A. § 8-20-101. *Nevertheless, it is well-settled that in the structuring of county and municipal governments, the General Assembly has broad authority. This is almost unlimited when private legislation does not contravene some mandatorily applicable general state law.*

<u>Id.</u> at 18.(Emphasis added).

In <u>Knox County Ex Rel. Kessel v. Personnel Bd.</u>, 753 S.W.2d 357 (Tenn. App. 1988) this court held as a general proposition that a private act authorizing the establishment of a system of personnel administration for county employees based upon merit principles was to be given a liberal construction.

However, in the case at bar, the Private Acts, 1971 failed to expressly provide

5

that T.C.A. § 8-20-101 *et seq* was no longer applicable in Shelby County. Accordingly, we are constrained to find that the trial court correctly allowed plaintiff to proceed with his petition pursuant to the provisions of T.C.A. § 8-20-101 *et seq.* We resolve this issue in favor of plaintiff.

Turning now to the second issue, that of the preponderance of the evidence, defendants contend that even if the private act establishing the Shelby County Civil Service Merit Board does not preempt or override § 8-20-101 *et seq*, nonetheless plaintiff failed to carry the burden of proof. In <u>Dulaney v. McKamey</u>, 856 S.W.2d 144, 146 (Tenn. App. 1992), this court stated:

> . . . [W]e note that an application for authority to employ deputies or assistants and to establish their salaries is to be treated no differently than any other lawsuit. Therefore, the action of the trial court must be based on findings of fact established by a preponderance of the evidence. . . .

*See also* <u>Cunningham v. Moore</u>, 604 S.W.2d 866, 868 (Tenn. App. 1980).

From an examination of the record, we observe that while plaintiff presented four witnesses, all of whom testified as to the need for the positions at issue, there was no objective proof as to why the pay increases should be made, or why these increases should exceed the mandated four percent.

We are of the opinion that the plaintiff failed to carry the burden of proof thrust upon him and that he has failed to make out a *prima facia* case in this regard.

Accordingly, we are compelled to reverse the judgment of the trial court in awarding the increase in the salaries contested by defendants in the amounts that he did. We further remand this case to the trial court for a further hearing or rehearing, in which the plaintiff is required to present to the court objective proof that such salary increases are needed and are commensurate with the quality and quantity of work performed by the respective employees. Inasmuch as the record reflects that plaintiff has at least on one occasion discussed the matter of a employee compensation study to be conducted by the Shelby County Administrator of Personnel, while not legally mandated we think it would be in keeping with the spirit of the appropriate provisions of Chapter 110 of the Private Acts of 1971 for plaintiff to request the

6

Administrator to perform a compensation study on the specific salary increases with which this appeal is concerned.

Accordingly, this cause is remanded to the Criminal Court of Shelby County for further proceedings not inconsistent with this opinion. Costs in this cause on appeal are taxed one-half to plaintiff and one-half to defendants.

_____
TOMLIN, Sr. J.

_____
CRAWFORD, P. J., W. S.   (CONCURS)

_____
HIGHERS, J.                (CONCURS)