IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 3, 2025

## DAVID HEARING v. DAN E. ARMSTRONG ET AL.

**Appeal from the Chancery Court for Hamblen County**
**No. 2022-cv-306     William Erwin Phillips II, Judge**

_____

### No. E2023-01281-COA-R3-CV

_____

Appellant, who pleaded guilty to two counts of first-degree murder and is currently serving two life sentences, filed a complaint in the Hamblen County Chancery Court, alleging that he was not given proper credit for time served. Appellant specifically sought credit for the time he was confined in Texas while fighting his extradition to Tennessee. In his complaint, Appellant requested that the trial court compel the Defendants to enforce the judgments to give him credit for time served and further requested that the Defendants be found in contempt for failure to do so. The trial court dismissed Appellant's complaint based on collateral estoppel, finding that the criminal court that entered the judgments previously denied Appellant's request for pretrial jail credits. Appellant appeals the dismissal of his complaint. We conclude that the trial court lacked subject matter jurisdiction; thus, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

David Wayne Hearing, Clifton, Tennessee, pro se appellant.

Jonathan Skrmetti, Attorney General and Reporter; and Adam Tune, Assistant Attorney General, for the appellees, Dan E. Armstrong, Charles Berkeley Bell, Jr., Connie G. Trobaugh, and the Third Judicial District Attorney's Office.

# OPINION

## MEMORANDUM OPINION[1]

### BACKGROUND

On September 2, 2005, David Hearing pleaded guilty to two counts of first-degree murder. The plea agreement includes the language "credit for all time served[.]" At the end of Mr. Hearing's plea hearing, when discussing Mr. Hearing's sentence, the criminal court judge stated: "You're given credit for all time that you have served." The criminal court entered amended judgments granting Mr. Hearing pretrial jail credits for May 7, 2004 to May 13, 2004 and May 13, 2004 to September 1, 2005. In a section labeled "Special Conditions," each of the amended judgments also states: "Credit time served."

Since that time, Mr. Hearing has attempted to get pretrial jail credit for the time he served in Texas while fighting extradition to Tennessee, i.e., August 10, 2003 through May 6, 2004. This case presents the latest attempt, which was instigated by Mr. Hearing filing a complaint in the Hamblen County Chancery Court on July 7, 2022. In this complaint, Mr. Hearing sued the Third Judicial District Attorney General's Office;[2] the current District Attorney General, Dan E. Armstrong; and two prior District Attorneys General, Charles Berkeley Bell, Jr. and Connie G. Trobaugh (collectively, the "Defendants"). Mr. Hearing requests that the trial court:

    a. Issue a judgment declaring that the Defendants are acting illegally in violation of the final credit for all time served [o]rder entered in [the criminal court proceeding];

---

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

    This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The Third Judicial District Attorney General's Office was the prosecutor's office that served as counsel for the State of Tennessee in the original criminal court proceeding.

b. Issue a judgment declaring that the Defendant[]s are acting illegally in violation of [Tennessee Code Annotated] § 40-35-209(e)(1)(P)[3] & [Tennessee Code Annotated] § 40-23-101;

c. Issue an affirmative injunction compelling the Defendants to comply with the terms of the final credit for all time served [o]rder. . . and compelling the Defendants to "credit Plaintiff for all time served pursuant to [] § 40-23-101;["]

d. Issue a negative injunction forbidding the Defendant[]s from refusing to comply with credit for all time served [o]rder;

e. Issue a judgment declaring that the Plaintiff is entitled to all the rights, privileges, and immunities of the [credit for all time served o]rder[;]

f. Order the Defendants to appear and show cause, if any, why an [o]rder finding the Defendants in contempt should not issue; [and]

g. Issue an [o]rder holding the Defendant[]s in civil contempt for its willful disobedience of the credit for all time [o]rder . . . and issue further orders as necessary to coerce the Defendants' compliance with the credit for all time served [o]rder[.]

The record contains a "Motion for Correction of an Illegal Sentence," which Mr. Hearing purports to have filed in the criminal court.[4] In the motion for correction, Mr.

---

[3] This section requires:

(e)(1) After the defendant is sentenced, the district attorney general shall complete and file within thirty (30) days the uniform judgment document for the conviction . . ., which shall indicate for each offense the following:

* * *

(P) The amount, if any, of pretrial jail credit awarded pursuant to § 40-23-101[.]

Tenn. Code Ann. § 40-35-209(e)(1)(P).

[4] The exhibits filed by Mr. Hearing are purportedly copies of documents filed in the criminal court proceeding, but such exhibits are not file-stamped. Because this is not a direct appeal of the criminal court proceeding, this Court only has access to those portions of the criminal court record that were filed by the parties in the trial court below. Mr. Hearing's failure to submit file-stamped copies of the purported criminal court filings leaves us unable to ascertain whether

Hearing argued that the criminal court's failure to award him pretrial jail credits for August 10, 2003 through May 6, 2004 resulted in an illegal sentence. The State of Tennessee opposed the motion for correction and argued that Mr. Hearing was not entitled to the requested pretrial jail credits because "a prisoner gets no credit for the time he spends fighting his extradition to Tennessee." The record reflects that the criminal court denied this motion via order entered on December 21, 2015, finding as follows:

> This action is again before the court on a post conviction motion of [Mr.] Hearing. Mr. Hearing has now filed a Motion for Correction of an Illegal Sentence. In support of his motion, Mr. Hearing claims that he should have received jail credit on his sentence for the time spent in custody in Texas.
>
> * * *
>
> As the district attorney's office has pointed out in their Response to Mr. Hearing's Motion, it is well-settled in Tennessee that convicted defendants do not receive jail credits for the time they spend in another jurisdiction fighting extradition to Tennessee. *State v. Silva*, 680 S.W.2d 485 (Tenn. Crim. App. 1984); *accord*, *Barker v. Parker*, 2[0]12 WL 113690 (E.D. Tenn. 2012).
>
> Accordingly, Mr. Hearing's sentence was not illegal and does not contravene [Tennessee Code Annotated] § 40-23-101. Because that is the law in Tennessee, and was the law at the time Mr. Hearing entered his guilty plea he could not possibly have "bargained" for anything else. Accordingly, the Motion for Correction of an Illegal Sentence is without merit and is hereby DISMISSED.

On August 8, 2022, the Defendants filed a motion with the trial court to dismiss the complaint, arguing collateral estoppel in reliance on the criminal court's aforementioned order. The trial court heard the Defendants' motion to dismiss on June 8, 2023. Mr. Hearing participated in the hearing and generally denied ever receiving a copy of the criminal court's December 2015 order. At the conclusion of the hearing, the trial court announced that it was granting the Defendants' motion to dismiss because the question of whether Mr. Hearing was entitled to the disputed pretrial jail credits was already "definitively decided" by another court, and the trial court has "no authority at this stage

those documents were actually filed in the criminal court in the same form and manner as now presented. *See Rothberg v. Fridrich & Assocs. Ins. Agency, Inc.*, No. M2022-00795-COA-T10B-CV, 2022 WL 2188998, at *2 (Tenn. Ct. App. June 17, 2022).

to re-adjudicate the [criminal court's] decision with regard to that very factually specific issue which is at the center of both of the motions that [Mr. Hearing] filed." Mr. Hearing appeals this dismissal by the trial court.

## ISSUES

Mr. Hearing raises one issue on appeal, which we restate slightly:

1. Whether collateral estoppel applies to bar Mr. Hearing's claims in this case.

The Defendants raise two additional issues on appeal, which we restate slightly:

2. Whether the trial court lacked subject matter jurisdiction to grant Mr. Hearing's requested relief.

3. Whether Mr. Hearing lacks standing to sue the Defendants.

## DISCUSSION

The Defendants argue for the first time on appeal that "[t]his appeal should be dismissed because the [trial court] lacked jurisdiction to award [Mr.] Hearing pre-trial jail credits" and because "[a] chancery court's jurisdiction does not include 'subject matter jurisdiction to enter a declaratory judgment regarding the legality or constitutionality of . . . criminal judgments.'" We agree with the Defendants that this appeal must be dismissed for lack of subject matter jurisdiction, although we reach this conclusion for a slightly different reason.

"Subject matter jurisdiction relates to a court's authority to adjudicate a particular type of case or controversy brought before it" and cannot be waived. *In re Est. of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012) (citing *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004)). Because orders and judgments entered by courts lacking subject matter jurisdiction are void, "issues regarding a court's subject matter jurisdiction should be considered as a threshold inquiry" and "resolved at the earliest possible opportunity." *Id.* (citing *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012); *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955)).

As this Court has explained:

[I]n Tennessee, our [S]upreme [C]ourt has held that "the Declaratory Judgment Act has not given the courts jurisdiction over any controversy that would not be within their jurisdiction if affirmative relief were being sought." *Hill* [*v. Beeler*], 286 S.W.2d [868,] 871 [(Tenn. 1956)]. Simply put, "the

Declaratory Judgment Act does not confer an independent basis for jurisdiction." *Batts v. Lack*, No. 86–147–II, 1986 WL 13040, at \*3 (Tenn. Ct. App. Nov. 21, 1986) (citing *Hill*, 286 S.W.2d at 871). Consequently, the Tennessee Supreme Court has held that "[a] declaratory judgment is proper in chancery, but only if chancery originally could have entertained a suit of the same subject matter." *Zirkle* [*v. City of Kingston*], 396 S.W.2d [356,] 363 [(Tenn. 1965)] (citing *Gibson*, *Suits in Chancery* § 36, n.62 (5th ed.1955)).

*Carter v. Slatery*, No. M2015-00554-COA-R3-CV, 2016 WL 1268110, at \*6 (Tenn. Ct. App. Feb. 19, 2016). The Defendants frame Mr. Hearing's complaint as challenging the legality or constitutionality of his criminal judgment. Conversely, Mr. Hearing argued before the trial court that he was not asking it to declare that he was entitled to the disputed pretrial jail credits but was instead asking the trial court to "simply enforce" the judgments. Thus, the relief requested by Mr. Hearing is ultimately that the trial court find the Defendants in contempt of the judgments due to their refusal to agree that he is entitled to the disputed pretrial jail credits.

"As a general rule, 'the power to punish for contempt is reserved to the court against which the contempt is committed, i.e. the court whose order is disobeyed.'" *Doe v. Bd. of Pro. Resp. of Sup. Ct. of Tenn.*, 104 S.W.3d 465, 474 (Tenn. 2003) (quoting *State v. Gray*, 46 S.W.3d 749, 750 (Tenn. Ct. App. 2000)). "Thus, '[o]ne tribunal may not punish for contempt of another.'" *Id.* (quoting *Chaffin v. Robinson*, 213 S.W.2d 32, 32 (Tenn. 1948)). The judgments were entered by the criminal court; thus, only the criminal court has jurisdiction to punish a party for contempt of those orders. Because the trial court lacked subject matter jurisdiction to grant Mr. Hearing the relief he requested, so too does this Court lack such jurisdiction.

## CONCLUSION

This appeal is dismissed for lack of subject matter jurisdiction. The costs of this appeal are taxed to the appellant, David Wayne Hearing, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE